THE DETROIT SAVINGS BANK v. MARGARET BELLAMY AND
JOSEPH BELLAMY.

*Notice to quit—Expiration of lease.*

Where the holding under a lease is from half month to half month, the
terms expiring in the middle and at the end of the month, a notice
to quit which fixes the expiration of the lease on the first day of a
month is not materially erroneous, though it must not extend into
the half month.

Where a lease for half months expires with the last day of a month the
period for which rent is due ends at midnight and the lessee cannot
be required to leave before.

Error to Wayne.    Submitted Oct. 12.    Decided Oct. 18.

PROCEEDINGS before a circuit court commissioner under
the Forcible Entry and Detainer act, to recover possession of
lands held by defendants as complainant's tenants. The
notice to quit, given by complainant's agent, stated that the
lease would expire on the first of May. The commissioner
gave judgment of restitution, which was reversed on appeal
to the circuit court. Complainant brings error. Reversed.

*Frederick T. Sibley* for appellant. A tenancy expires
with the term by its own limitation, and notice to quit is
unnecessary: Taylor L. & T. § 465; Wood L. & T. § 83;
*Benfey v. Congdon* 40 Mich. 283; the day specified in the
notice to quit must be the rent day or the day correspond-
ing thereto: Taylor L. & T. § 477, n. 2; *Walker v. Sharpe*
14 Allen 43; *Sherlock v. Thayer* 4 Mich. 355; *Kemp v.
Derrett* 3 Camp. 510; *Ackland v. Lutley* 9 Ad. & E. 879;
*Waters v. Young* 11 R. I. 1; *Atkins v. Sleeper* 7 Allen 487.

*Hawes & Phelps* for appellee. Where three months'
notice to quit is necessary to determine a tenancy at will, the
dates of service and surrender must both be excluded in
reckoning time: Comp. L. § 4304; *Lane v. Burnap* 39
Mich. 736; *Huyser v. Chase* 13 Mich. 98; so, too, where

notice of less than three months is allowable equal in time to the interval between dates of payment : *Doe v. Lea* 11 East 312.

COOLEY, J. The notice to quit, on which this case turned in the court below, we think was sufficient.

The holding in the case was from half month to half month, with rent payable in advance. The half month expired at the middle and at the end of the month. The receipts for rent were sometimes expressed to be, to the last day of the month, and sometimes to the first of the month; the one day or the other being used indiscriminately. The notice to quit required the surrender of the premises May 1st, and the objection made to it is, that it should · have required the surrender April 30th. We do not think the error, if there was one, was material. The period for which rent was due, expired at midnight of the 30th, and the lessee could not be required to leave until that day was fully completed. There is no doubt the notice should not extend into another half month (*Woodrow v. Michael* 13 Mich. 187), but the objection that the day named for surrender of the premises was the day on which the lessor should have possession rather than the day which was the last the lessee was entitle to occupy, is too nice and technical. The notice gave the party necessary information, and was intended to terminate the tenancy at the proper time. Nothing more should be required.

The judgment should be reversed with costs and a new trial ordered.

The other Justices concurred.