J. C. H. ENGEL, Administrator, *vs.* D. L. BUGBEE and others.

May 20, 1889.

Pleading—Answer—New Matter—Reply.—The complaint alleges that a certain assignment of a note and mortgage was without consideration and for the purpose of collection. The answer alleged that it was upon a sale and for a valuable consideration. *Held*, that the allegation in the answer was not new matter requiring a reply.

Appeal by plaintiff from a judgment of the district court for Anoka county, *Hicks*, J., presiding.

*Hammons & Hammons*, for appellant.

*Little & Nunn*, for respondents.

GILFILLAN, C. J. Appeal from a judgment in favor of the defendants, entered upon an order for judgment made on a motion by defendants for judgment on the pleadings. The pleadings consisted of the complaint, an answer by the defendant Bugbee, an answer by the defendants Hasty and Reem, and a reply to each of such answers.

We think the court erred in the order for judgment. The respondents, in support of the order, make two propositions: *First*, that the complaint is insufficient; *second*, that the answers contain allegations of new matter sufficient to entitle defendants to judgment, which allegations are not sufficiently denied by the replies. The complaint alleges that McDermid, plaintiff's intestate, left with defendant Bugbee, who is an attorney at law, a note and mortgage on real estate, executed to McDermid by defendants Hasty and Reem, for safe-keeping and collection; that Bugbee represented to him that to enable him (Bugbee) to collect the note and mortgage it was necessary for him to assign them to him, the said Bugbee, and thereupon, relying

on such representations, and without any consideration, and for the purpose of enabling Bugbee to collect the note and mortgage, he assigned them to him, and Bugbee caused the assignment to be recorded; that prior to McDermid's death in May, 1888, Hasty and Reem paid to Bugbee on the note and mortgage $650; that since said death the latter falsely claims to be the owner of the note and mortgage. The judgment demanded is that Bugbee surrender the note and mortgage to plaintiff, and pay over to him all moneys collected by him thereon, less his fees for collecting; that, pending the action, defendants Hasty and Reem be enjoined from paying to Bugbee any further sums on the note and mortgage.

It needs but this brief statement of the contents of the complaint to show that it states a cause of action. Of course an attorney whose client leaves with him securities for collection, and who obtains from the client an assignment of them by representing that it is necessary in order to collect them, cannot, by virtue of the assignment, withhold them from the client. But we think the court below probably decided the motion on the second of the above propositions. The answers, in addition to denials of the allegations in the complaint, allege, in effect, that the assignment by McDermid to Bugbee was upon a sale by the former to the latter for a valuable consideration. As the complaint had alleged that it was for the purpose of collection and without consideration, the character, circumstances, and purpose of the assignment were fully in issue upon the complaint and answers without any further pleading. No reply was needed. The allegation in the answers, while proper enough, may be termed only an affirmative form of denying the allegation of the complaint.

Judgment reversed.