JOHN C. CAMPBELL *vs.* PETER ROTERING, impleaded, etc.

November 30, 1889.

**Bond—Liability of Signer.**—One who executes a bond may be liable upon it, though his name do not appear in the body of it.

**Indemnity Bond—When Liability accrues.**—An action cannot be maintained on a bond conditioned to "fully indemnify and save harmless said J. C. C. from all damages and costs by reason of said claim," etc., and to "pay all costs and damages to which said officer [the obligee] may be put by reason thereof," until actual damage has accrued to the obligee, *i. e.*, until he has actually paid such costs and damages.

Appeal by defendant Rotering (who alone appeared and defended) from an order of the municipal court of Minneapolis, refusing a new trial after trial by the court and judgment for $103.35 and interest ordered for plaintiff. The bond on which the action was brought against all the signers (as stated in the opinion) begins thus: "Know all men by these presents that we, C. F. Hummel as principal, and Ferdinand Huebner, Charles F. Herms, sureties, are held and firmly bound unto J. C. Campbell in the sum of two hundred dollars, lawful money of the United States, to be paid unto the said J. C. Campbell, his heirs," etc., "for which payment well and truly to be made we bind ourselves, our heirs, executors, and administrators firmly by these presents." Then follows a recital of the levy, etc., and the condition, as stated in the opinion. The bond is signed and sealed by the obligors above named and also by defendant Rotering. The court found that, the property levied on having been sold by the plaintiff under the execution, the claimant brought suit against plaintiff for its value, and recovered judgment against him for $103.25; that before this suit was brought the plaintiff demanded of defendants that they pay the judgment, which they refused to do; and "that plaintiff is entirely solvent and bound to pay said judgment, and is damaged by reason of said judgment existing against him, in the sum of $103.35, with interest," etc.

*John T. Byrnes,* for appellant.

*S. Meyers,* for respondent.

GILFILLAN, C. J.   In this case the plaintiff, a police officer of the city of Minneapolis, and as such authorized to execute writs and process issuing from the municipal court of that city, received an execution issued from said court, and levied the same upon personal property.   Another than the execution debtor claimed the property from the plaintiff, and thereupon the creditor in the execution as principal, and the other defendants herein as sureties, executed to the plaintiff an indemnifying bond.   The defendant Rotering, the appellant, objects to this bond that, although signed and sealed by him, his name does not appear in the body of it.   But it is not always essential, in order to bind one by a contract, that his name shall appear in the body of it, if there is enough in its terms, in connection with the signing, to show that he intended to be bound.   For instance, where, as in this case, it reads, "We," then stating the obligation or undertaking, it is, if there be nothing else to show the contrary, the contract of the parties who execute it.   For what purpose does the party sign and seal, except to be bound by it?   See *Ex parte Fulton*, 7 Cow. 484; *Decker* v. *Judson*, 16 N. Y. 439; *Perkins* v. *Goodman*, 21 Barb. 218; *Dair* v. *U. S.*, 16 Wall. 1.   There is not enough, in the mere fact that Rotering's name was not in the body of the bond, to put the obligee on inquiry, so as to charge him with notice that, after signing and sealing, and before delivery, the former refused to let it go any further, if such were the fact.

The condition of the bond is:   "Now, therefore, in case the said C. F. Hummell shall fully indemnify and save harmless said J. C. Campbell, police officer, from all damages and costs by reason of said claim of said above-named claimant, and shall pay all costs and damages to which said police officer may be put by reason thereof, then this obligation shall be void," etc.   According to all the authorities, an undertaking to "indemnify and save harmless" gives no right of action until the party indemnified is actually damaged, *i. e.*, has been compelled to pay, and has paid, by reason of the thing against which or consequences of which he is indemnified.   The doubt on this bond arises upon the words, "and shall pay all costs and damages to which said police officer may be put by reason thereof."   Are they to be construed as an undertaking to prevent him becoming lia-

ble for damages and costs, or discharge or acquit him from such liability if it accrue against him, or are they intended only to indemnify him against damage? In *Weller* v. *Eames*, 15 Minn. 376, (461,) the bond was to indemnify against "legal liability," and it was urged that it was an undertaking to prevent liability accruing against the obligee, or to discharge and acquit him from it, if it had already accrued. But the court held it an indemnity only against actual damage, and that a judgment recovered against the obligee, not paid, did not show actual damage. In this case the expression, "costs and damages to which said officer may be put," is not stronger than the terms of the bond in that case. Could the officer be said to be put to costs and damages, when he has become liable to but has not paid them? We think not. A slight change in the phraseology might produce a different result, as if it were to pay all costs and damages which he may become liable to, or (perhaps) which he may incur. In such case, the obligation to pay would be fixed by the obligee's becoming liable. But, as it is, we think the obligation was to pay the obligee, not to pay somebody else; and it was fixed only when he had sustained actual damage, *i. e.*, had been compelled to pay.

Order reversed.