JAMES GRACE *et al. vs.* ACHILLE MICHAUD.

Submitted on briefs May 20, 1892. Decided June 10, 1892.

Landlord and Tenant—Notice to End Tenancy.

In the case of a tenancy at will, where the rent is payable monthly, the lease may be determined by a month's notice to quit by either landlord or tenant, but the notice must regularly terminate with some month counting from the beginning of the tenancy.

Demand, not a Notice.

A present demand or notice to quit is insufficient.

Appeal by defendant, Achille Michaud, from a judgment of the Municipal Court of the City of St. Paul, *Twohy*, J., entered August 27, 1891, against him for $214.61.

The plaintiffs, James Grace and Ellen Butler, owned the house No. 272 West Seventh Street in St. Paul, and on May 1, 1890, defendant rented it of them, agreeing verbally to pay $50 a month rent, payable in advance, on the first day in each month. Defendant entered that day, and continued in the possession of the house until September 25, 1890, when he left it and sent the key to the plaintiffs, with a notice that he surrendered possession of the house. Plaintiffs refused to accept the key, nor did they take the possession. On October 9, 1890, they brought an action for the rent for that month. They obtained judgment for the amount, $50 with costs, and defendant paid it.

In February, 1891, plaintiffs brought this action to recover $200 rent for the four months of November and December, 1890, and January and February, 1891. Defendant answered; a jury was

waived, and the Court made findings and ordered judgment for plaintiffs for the amount they claimed, with interest and costs.

*Macdonald & Heim*, for appellant.

*Stevens, O'Brien & Glenn*, for respondents.

VANDERBURGH, J.   The defendant was not entitled to judgment on the pleadings, unless there are material facts set up in the answer, which stand admitted.   The complaint is upon a contract for leasing by parol for one year, at a rental payable monthly.   The answer admits a lease at will, at the same rental payable monthly, commencing about May 1, 1890,—the same date alleged in the complaint,—and alleges occupancy under the lease to September 25, 1890, and payment of the rent to and including the month of October, 1890.   It also alleges that on or about September 20, 1890, he served upon plaintiffs a notice of his intention to quit and vacate the premises, and that he did surrender and vacate the premises on the 25th day of September, and that he delivered up the possession to plaintiff on that day, and gave him notice of the fact in writing. The plaintiff in the complaint avers that there had been no surrender or delivery of the premises, and that the tenancy had not terminated.   The answer admits a cause of action, therefore, which is sufficient to defeat the motion for judgment, unless the notice to quit alleged was sufficient to terminate the lease, and this question may be considered under the first assignment of error.   *Engel* v. *Bugbee*, 40 Minn. 493, (42 N. W. Rep. 351.)

1878 G. S. ch. 75, § 40, provides how an estate at will may be determined.   "When the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the times of payment."   Unless, by the consent of the plaintiffs, the tenancy could only be terminated by serving the notice required by the statute.   The statutory rule has a well-settled construction in the courts.   As between landlord and tenant the rule is reciprocal; the notice may be given by either if he desires the tenancy to terminate.   A notice of an intention to surrender the lease and vacate the premises forthwith, or on any day in the interval between the times of payment, is not the notice contemplated

by the statute, and will be unavailing. In *Hunter* v. *Frost*, 47 Minn. 1, (49 N. W. Rep. 327,) it was held that the notice must terminate with the month, quarter, or year, according to the nature of the tenancy.

In *Anderson* v. *Prindle*, 23 Wend. 616, it was held that possession taken under a parol lease for more than one year, where the rent was payable monthly, could only be terminated by a month's notice to quit at the end of some month, counting from the commencement of the tenancy. So in *Currier* v. *Barker*, 2 Gray, 227, it was held that a present demand or notice to quit was insufficient, and the rule is stated as follows: "The notice to quit is technical, and is well understood. It fixes a time at which a tenant is bound to quit, and the landlord has a right to enter at a time at which the rent terminates. The rights of both parties are fixed by it, and are dependent on it. Should the landlord decline to enter, and the tenant quit according to the notice, the tenant could be no longer holden for rent, although he had given no notice to the landlord. The lease is ' determined ' by such notice, properly given by either party. It is manifest, therefore, that when such consequences depend upon the notice to be given the notice should fix with reasonable exactness the time at which these consequences may begin to take effect." See, also, *Walker* v. *Sharpe*, 14 Allen, 45.

There is no finding that the premises were surrendered as defendants claim, and there is no complaint that the findings of fact do not warrant the legal conclusions. The question above considered is the only material question reached by the assignments of error.

Judgment affirmed.