JAMES T. WALSH v. JOHN FEATHERSTONE.[1]

January 4, 1897.

Nos. 10,173—(142).

**Bond of Indemnity—Construction—Right of Action.**

A bond, in which the maker agrees to guaranty the obligee therein named against certain liability, construed to be merely an agreement to indemnify the obligee, and save him harmless from such liability, and not an agreement for the benefit of the third party in whose favor such liability was incurred; and the latter cannot maintain an action on the bond.

Defendant executed to Minor Ball and the Mississippi Land, Loan & Investment Company, a Minnesota corporation, the bond of guaranty mentioned in the opinion. The company named employed one H. Vandervoort to work for it. For his services he recovered judgment for $292.91 against the company on December 26, 1893, in the district court for Hennepin county, on which judgment execution was returned unsatisfied. Plaintiff is the owner of this judgment. From an order of the district court for Hennepin county denying a motion of plaintiff for judgment notwithstanding the verdict, Elliott, J., plaintiff appealed. Affirmed.

*F. A. Gilman,* for appellant.

A guaranty is a promise to answer for the payment of some debt or performance of some obligation of another party, existing or future. The guaranty here was a promise of the defendant to answer

[1] Reported in 69 N. W. 811.

for the liability of the company to plaintiff's assignor, which is a promise to pay the debt due to his assignor. Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604; Vrooman v. Turner, 69 N. Y. 280. The right of action becomes complete on defendant's failure to do the particular thing he agreed to do, which in this case is to save it harmless from the liability. Smith v. Chicago & N. W. R. R., 18 Wis. 17; Gilbert v. Wiman, 1 N. Y. 550; Belloni v. Freeborn, 63 N. Y. 383; Kohler v. Maetlage, 72 N. Y. 259, at 266–7. The debt or liability existing when the guaranty was made, the duty was absolute. See Hall v. Marston, 17 Mass. 575.

*Rome G. Brown,* for respondent.

This is a guaranty to indemnify or save harmless. Bausman v. Credit G. Co., 47 Minn. 377, 50 N. W. 496; Weller v. Eames, 15 Minn. 376 (461). This is a purely personal contract. It cannot be enforced by any person save those named in the contract. Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795; Brown v. Stillman, 43 Minn. 126, 45 N. W. 2. Such a contract must be strictly construed. Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 53 N. W. 764. Its obligation cannot be expanded by construction or implication. Cushing v. Cable, 48 Minn. 3, 50 N. W. 891; American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867. The following cases show that even the land company could not sue defendant until it had paid the amount due. Weller v. Eames, supra; Bausman v. Credit G. Co., supra; Campbell v. Rotering, supra; American B. & L. Assn. v. Waleen, supra; Administrators v. Warner, 2 Vt. 532; Tate v. Booe, 9 Ind. 13; Lloyd v. Marvin, 7 Blackf. (Ind.) 464; Churchill v. Hunt, 3 Denio, 321. The record shows the judgment was never paid. The appellant's argument is based on the theory that defendant made a contract to pay certain liabilities. The cases cited by him are not applicable to the case of a contract of indemnity.

CANTY, J. The defendant made a bond, or instrument under seal, dated August 1, 1893, by which, in consideration of one dollar and other valuable considerations, he promised as follows:

"I * * * do hereby guaranty * * * Mississippi Land, Loan & Investment Company * * * against any liability by reason of any transaction" of said company "entered into since the fourth day of March, 1890."

The plaintiff had a transaction with said company since that time, to wit, in 1891, by which it became indebted to him in the sum of $292.90, and brings this action to recover from defendant on this contract the amount so due him. On the trial the court ordered a verdict for defendant, and, from an order denying a new trial, plaintiff appeals. The order must be affirmed.

In the agreement above referred to, defendant does not promise to pay any of the debts of the investment company. His promise to guaranty it against liability is merely an agreement to indemnify it or save it harmless (see Bausman v. Credit G. Co., 47 Minn. 377, 50 N. W. 496), and cannot be construed as an agreement for the benefit of third parties. Even the obligee himself cannot maintain an action on such an agreement until he has paid the claim against which he has by the contract been indemnified. Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795; Weller v. Eames, 15 Minn. 376 (461).

Order affirmed.

### On Motion for Reargument.

January 20, 1897.

The motion for a reargument is denied; but whether or not the obligee himself could maintain an action on this agreement is a question as to which there may be some doubt, and one which it was not necessary to pass on in this case. For these reasons the dictum at the end of the opinion stating that he cannot is withdrawn.