OLAF O. SEARLE v. EDWARD S. POWELL.[1]

May 15, 1903.

Nos. 13,407—(66)

Landlord and Tenant—Notice to Quit.
    It is proper to notify a tenant from month to month to remove on the day his monthly term expires, but a notice is not insufficient or defective which notifies him to vacate the premises the following day.

Appeal by defendant from a judgment of the municipal court of Minneapolis, Dickinson, J. Affirmed.
    Bond & Armstrong, for appellant.
    Ludvig Arctander, for respondent.

COLLINS, J.
    Action in forcible entry and detainer, the appeal being from a judgment entered in plaintiff's favor.

[1] Reported in 94 N. W. 868.

The latter was the owner of the premises, and defendant was a tenant from month to month, the term expiring upon the last day of each calendar month. The primary question in the case is whether a notice served, whereby the landlord undertook to terminate the tenancy, was sufficient. It was in writing, and was personally served upon May 31, and the tenant was notified to quit and deliver up the premises on July 1, following, the landlord stating, among other things: "It being my intention to terminate your tenancy."

It is obvious from the language of the notice, taken in connection with the service, that the landlord intended to terminate the tenancy at the end of the month of June, and, had the last day of June been mentioned as the one on which the tenant must remove from the premises, he would have had until midnight of that day in which to comply. Because the landlord conceded that he might have until the next day to vacate, granting him a favor in this respect, is no sufficient reason why the tenant should be permitted to take technical advantage of kindness and good will. By this notice the tenancy was terminated as of the last day of June, and the technical error, if any, was not material.

It is proper to notify the tenant to remove on the day his monthly term expires, but a notice is not insufficient or defective which notifies him to vacate the following day. Detroit v. Bellamy, 49 Mich. 317, 13 N. W. 606; Harris v. Halverson, 23 Wash. 779, 63 Pac. 549; Steffens v. Earl, 40 N. J. L. 128, 131; Wilson v. Rodeman, 30 So. C. 210, 8 S. E. 855; Thurber v. Dwyer, 10 R. I. 355.

Disposing of the primary question as we do, it is unnecessary to consider the further fact that the tenant verbally admitted the notice to be sufficient, and made two or more oral agreements with the landlord, whereby he remained in possession for several weeks subsequent to July 1, under a promise to remove upon demand.

Judgment affirmed.