## LIVINGSTON v. BROWN et al.

No. 13585—Opinion Filed March 18, 1924.

Rehearing Denied June 17, 1924.

### 1. Contract—Writings—Absence of Party's Name from Body of Instrument.

In the preparation of a written contract it is the common form and practice to write the name of all parties in the body of the instrument. If, however, the name of one of the parties be omitted from the body of the instrument and he signs the instrument, he will be bound by its terms.

### 2. Trial—Refusal of Instructions Covered in Charge.

If the general charge of the court fairly submits to the jury the issues of fact between the parties, it is not error to refuse a special instruction requested by one of the parties, even though it be more particular in relation to the matters submitted than the general charge of the court.

### 3. Appeal and Error—Questions of Fact —Verdict.

In the course of a law trial, if the issues of fact between the parties be fairly submitted to the jury, the verdict will not be set aside on appeal to this court, if there be any competent testimony reasonably tending to support the verdict.

### 4. Same—Sufficiency of Evidence.

Record examined; held, to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by G. A. Brown and H. L. Hollingsworth against Herman Livingston for damages on account of alleged breach of contract to drill oil and gas well for plaintiffs. Judgment for plaintiffs. Defendant brings error. Affirmed.

C. H. Rosenstein, for plaintiff in error.

J. S. Severson and C. H. Jameson, for defendants in error.

Opinion by STEPHENSON, C. The plaintiffs commenced their action against the defendant for damages on account of the breach of a written contract by the defendant to drill an oil and gas well for the plaintiffs. It appears from the evidence the defendant agreed to drill the well for the plaintiffs for the written assignment of an undivided one-half interest in an oil and gas lease then owned by the plaintiffs. In the trial of the cause judgment went for the plaintiffs and against the defendant. The latter has appealed the cause to this court and assigns several of the proceedings had in the trial court as grounds for reversal of the cause. The principal assignments of error are:

(a) Insufficient evidence to support the verdict of the jury.

(b) That the verdict and judgment are contrary to law.

(c) Failure of the plaintiffs to prove the execution and delivery of the contract by the defendant.

(d) Error of the court in refusing to give a special instruction requested by the defendant.

The name of the defendant does not appear in the body of the contract but his name does follow the names of the plaintiffs at the close of the contract and purports to have been signed by the defendant. The defendant insists that the failure to write his name in the body of the contract as the second party, vitiates and renders the contract void. While it is the better form to write the name of the parties in the body of the contract, however, if the names of all parties appear at the close of the contract and the proof indicates that all parties signed the contract, the omission to name one of the parties in the body of the contract will not vitiate the same. In considering a contract in writing, it will be sufficient if the entire writing appears to give evidence that the party whose name was omitted from the body of the contract, in fact signed the same and intended to be bound by it. Bishop on Contracts, page 50, section 116; Campbell v. Rotaring, 42 Minn. 115, 43 N. W. 795, 12 L. R. A. 278; Dair v. U. S. 16 Wall. 1, 21 L. Ed. 492; Bishop on Contracts, sections 382, 383.

The defendant makes the further contention that the plaintiffs failed to sufficiently identify the defendant in this action as being the party who signed the contract. On this point it appears the plaintiffs executed their assignment of an undivided one-half interest in the oil and gas lease, in which this de-

fendant was named as assignee, the assignment bearing the same date as this contract. Mr. Flourney, for the plaintiffs, testified in chief in relation to this question as follows:

"Q. I will ask you to state whether or not, Mr. Flourney, you ever had any conversation with this defendant in regard to a purported contract between himself and Mr. Brown and Mr. Hollingsworth? A. Yes, sir. Q. When and where was this? A. Why it was five years ago last winter, this winter before Christmas some time. Q. And where was it? A. It was in southwest of Broken Arrow in section 34-18-14. Q. Who was present besides yourself and Mr. Livingston? A. Why it was one of his drivers—I don't know which one. They introduced themselves as—Q. All right, now, just tell the jury what the conversation was. A. I was drilling a well down there for Ardizzone and Ossenbeck, and they came over to the well and told me that they had leased this piece from Hollingsworth and Brown, and wanted to know what I would charge them to drill a well on it, and I told them, but they said they would see me later, and the well that I was drilling came in dry in a few days, and I never seen anything more of them."

The witness further testified on cross-examination as follows:

"Q. You say they introduced themselves to you as who? A. Livingston boys. I have known this Mr. Livingston quite a while; never did know what his given name was though. Q. And when was this conversation? A. It was when I was drilling a well for Ardizzone and Ossenbeck five years ago, I think it was. Q. Some time in 1917, then? A. 16, I think it was, '16—it was before Christmas. Q. Before Christmas. They said they had, or they intended to lease this piece? A. They said they had? Q. Did they not say anything about contract on it? A. Sir? Q. Did not say anything about any contract on it? A. What, drilling contract? Q. No, about having made any contract with reference to this piece? A. They said—told me, that they had leased it and wanted to know what I would charge for drilling a well on it."

The defendant testified in the trial of the cause but did not deny the conversation which Flourney testified about. The defendant, however, testified that he did not sign the contract involved in this cause. We think the evidence of the parties created an issue of fact for submission to the jury. The jury had the opportunity to observe the witnesses while testifying and determine the weight to be given the evidence. There is a sharp conflict between the evidence of the parties to this action and there is sufficient competent testimony offered on the part of either to support a verdict of the jury. If there is any competent testimony which reasonably tends to support the verdict of the jury, the cause will not be reversed on appeal to this court. Selsor v. Arnbrecht, 57 Okla. 732, 157 Pac. 908; First Natl. Bank of Addington v. Shell, 57 Okla. 425, 157 Pac. 317.

We have carefully examined the general instruction of the court and find that the same fairly submitted the issues between the parties to the jury, and did so sufficiently clear for the jury to understand the law as given to it in relation to the issue. The defendant requested a special instruction relating to an issue covered by the general instruction, which more particularly defined the law applicable to the question, but as the general charge had sufficiently covered the issue, it was not error for the court to refuse the requested instruction. G., C. & S. F. Ry. Co. v. Taylor, 37 Okla. 99, 130 Pac. 574.

Therefore, it is recommended that this cause be affirmed.

By the Court: It is so ordered.