V. F. DECKERT v. JOHN C. SCHWARTZ.[1]

June 12, 1925.

No. 24,661.

**Answer stricken out as sham.**
    1. An answer by way of general denial was properly stricken out
as sham where its showing was evasive and not at all responsive to
that of plaintiff in support of the motion.

**When motion to strike out answer as sham should be granted.**
    2. Where the showing in support of such a motion establishes,
prima facie, the falsity of the answer, the motion to strike out should
be granted unless the showing in opposition is free from evasiveness
and indicates that there is an issue to be tried.

    1. See Pleading, 31 Cyc. p. 626.
    2. See Pleading, 31 Cyc. p. 666 (1926 Anno).

Action in the municipal court of Minneapolis to recover money
advanced. From an order, Nordbye, J., striking out defendant's an-
swer and ordering judgment in favor of plaintiff, defendant appealed.
Affirmed.

*L. K. Eaton,* for appellant.
*Ell M. Rosenstein,* for respondent.

STONE, J.

Appeal from an order striking out the answer and ordering judg-
ment for plaintiff in an action to recover the alleged agreed price
and reasonable value of stabling and caring for a saddle horse for
the period from May 1 to November 30, 1924. The answer is a gen-
eral denial. The motion to strike it out and for judgment was based
in part upon the affidavit of plaintiff, setting out in detail the ar-
rangements claimed to have been made between plaintiff and de-
fendant for caring for the mare. Another affidavit by a disinter-
ested person tells of defendant's having paid one shoeing bill in

[1]Reported in 204 N. W. 164.

connection with which, so the affiant avers, defendant said that plaintiff "was going to board and keep his horse for him" at a designated riding academy.

Plaintiff submitted as a part of his affidavit copies of monthly statements of what appears to be his actual money outlay for keeping defendant's mare, with a copy of a letter written by him to defendant on November 20, 1924, the opening sentence of which is: "Enclosed find statement and invoices of my expenditures in connection with the keeping of your bay mare." Part of the concluding paragraph of the letter was this: "I have brought the statement right down to date so if you will forward me a check by return mail I will very much appreciate it as I have already paid out every dollar of this money, and of course the transaction does not yield any profit to me." Both of the parties lived in Minneapolis, and, not having received a reply, plaintiff again wrote defendant on November 25, reminding him that he had not received a check to cover his statement of the twentieth, and closing with this: "Inasmuch as this does not carry any profit for me won't you be good enough to send me check by return mail?"

Whether or not on receipt of plaintiff's letter last referred to does not appear, but, on the same date, defendant wrote plaintiff a lengthy letter which in no wise questions plaintiff's claim or any single item of it. On the contrary, defendant opens his letter thus: "My apparent oversight is due to the fact that I rather expected an adjustment of this matter in connection with another, which I believe antedates this one." Defendant then goes on to prefer against plaintiff a claim, not for himself, but for the Phoenix Corporation, in connection with some advertising transactions wherein plaintiff is charged with ignoring his obligations. He is told that defendant and his "associates" consider that "there is due the company" from plaintiff "for services rendered and ideas furnished $1,000.00." The letter concludes with this: "Officers and Directors of the Phoenix Corporation are perfectly willing that you deduct the amount of your statement sent to me personally, amounting to $227.00—it being agreeable to them that my account be debited with that amount. If you will forward your check for the balance, amounting to $773.00,

you may direct your stable man to deliver the bay mare to Dr. Berg at the Fair Grounds together with halter, sheet and winter blanket."

In opposition to the motion, defendant submitted nothing but his own affidavit which, by direct implication, admits the defendant's mare had been left in charge of plaintiff. It denies that the bailment was "on the conditions" stated by plaintiff and further denies that the "reasonable amount" of the cost of caring for the animal is as claimed by plaintiff or that defendant is indebted in the sum claimed by the latter. Thus, defendant admits indebtedness to plaintiff without offering any statement, frank or otherwise, as to what he considers the fair amount of it to be. His affidavit proceeds with a repetition, in somewhat amplified form, of the claim against the "plaintiff and his company, the V. F. Deckert Manufacturing Co." in connection with the services of "defendant and his associates" as advertisers.

The situation therefore is about this: Plaintiff has frankly and in detail stated his claim against defendant after submitting to him the usual itemized statement. Defendant admits the existence of an obligation; fails to question any item of the claim preferred; fails to state the amount which he considers due plaintiff; and, finally and most significant, omits that which is required by ordinary candor, a statement of the particulars in which plaintiff's claim is error.

The closest approach to the suggestion of a meritorious defense is by way of counterclaim and that fails because it is asserted not for defendant but on behalf of the advertising company with which defendant is connected. Obviously that cause of action, if it exists, cannot be made a counterclaim here.

Under the long-established principles enunciated in Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484, and cases cited, the motion to strike the answer and for judgment was properly granted. True, the answer on its face states a defense by way of a general denial. But the affidavits in support of plaintiff's motion made "a clear prima facie case of its falsity." They "show in detail the transaction" out of which arose the indebtedness from defendant. The affidavit in opposition, when correctly appraised, does nothing more than deny the amount of plaintiff's claim, without sug-

gesting what defendant considers the correct figure, and then goes on to state a claim against plaintiff, not in favor of defendant but on behalf of a third party, supposedly a corporation. The showing for plaintiff called for "some explanation in rebuttal" by defendant. In such a case, the counter affidavits "should be free from evasiveness" and make it clear that there is an issue to be tried. The affidavit of defendant falls far short of the required standard, particularly if read with the correspondence that passed between plaintiff and defendant before the action was brought. Defendant's showing does not establish the existence of any issue to be tried. It tends rather to the contrary and to indicate that plaintiff's claim is substantially correct. Otherwise defendant surely would have made some showing in opposition other than that of his futile denial, a negative pregnant, that his indebtedness to plaintiff was in the precise amount claimed by the latter.

Order affirmed.