## T. G. Necros, Appellee, v. G. Tedtman, Appellant.

## Gen. No. 30,042.

1. LANDLORD AND TENANT—*notice to quit.* If monthly terms ended at midnight of the 14th of each month, a sixty-day notice to quit dated and served October 15, requiring delivery up of possession at the end of the monthly term in December, gave the required sixty-day notice, under Landlord and Tenant Act, sec. 6, as amended April 29, 1921, Cahill's St. ch. 80, ¶ 6.

2. LANDLORD AND TENANT—*notice to quit permitting additional day.* Although a monthly term ended at midnight on the 14th of the month, a notice to quit and deliver up possession on the 15th was not bad as establishing a new tenancy for another month, the landlord having the right to give an extra day of grace if he saw fit.

3. LANDLORD AND TENANT—*expiration of tenancy from month to month.* A tenancy from month to month expires at midnight on the last day of the month, and after proper notice landlord has right of occupancy on the next day.

Appeal by defendant from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Affirmed. Opinion filed October 6, 1925.

CHARLES HORGAN, for appellant.

BUTLER, LAMB, FOSTER & POPE, for appellee; CHALMERS L. McGAUGHEY, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment in a forcible detainer suit awarding possession of the premises to the plaintiff.

The tenancy was from month to month, each check in payment of rent specifying that it was for rent "to the 15th" of the next month.

Service of a sixty-day notice—pursuant to the Act of April 29, 1921, then in force—was dated and served October 15, requiring defendant to quit and deliver up possession of the premises on the 15th day of December, 1924.

On this state of facts appellant contends that the monthly term expired on the 14th day of the month, and that the notice was void and ineffectual because it compelled defendant to quit after a new month's tenancy had already begun, it being agreed that "rent to the 15th" means that the 15th is excluded.

If, as contended, the monthly term ended at midnight of the 14th, there would still have been compliance with the statutory requirement of a sixty-day notice to quit (see section 6, Landlord and Tenant Act, as amended April 29, 1921), [Cahill's St. ch. 80, ¶ 6], for the sixtieth day after October 15 ended on the 14th day of December. The purposes of a notice in a tenancy from month to month are to inform the tenant when his tenancy will terminate and to give him adequate time to prepare to surrender. Both of these purposes are met by the notice in question, whether the monthly term actually ended on the 14th or the 15th. And if plaintiff saw fit to give defendant an additional day of grace in which to move from the premises, that did not, either impliedly or by construction of the law of notice, establish a new tenancy for another month, according to authorities in other jurisdictions. To hold it did would seemingly be inconsistent with the object and purpose of giving the notice.

In *Detroit Sav. Bank v. Bellamy,* 49 Mich. 317, where the notice to quit required surrender on May 1, and

objection to it was that it should have required the surrender April 30, Mr. Justice Cooley said that the error, if any, was not material and that the objection was "too nice and technical"; that "the notice gave the party the necessary information and was intended to terminate the tenancy at the proper time." There was the same ruling to like objections made to like notices in *Searle v. Powell,* 89 Minn. 278, and *Steffens v. Earl,* 40 N. J. L. 128. In the former it was said that while it was proper to notify the tenant to remove on the day his monthly term expires, a notice is not insufficient or defective which notifies him to vacate the following day. The court said, "granting him a favor in this respect is no sufficient reason why the tenant should be permitted to take technical advantage of kindness and good will." In *Steffens v. Earl, supra,* while the court recognized that the term in that case probably terminated on the last midnight of July, it said that to hold that a notice given for the day commencing at that midnight is not a good notice, was to carry the rule that the notice to quit must be made with reference to the end of the term, "to an illogical and unreasonable length."

Under the reasoning of these authorities the notice in the present case could not be deemed defective even if the month ended on the 14th.

But as authority to the contrary appellant cites the case of *Bedell v. Clark,* 151 Ill. App. 419. In that case the tenancy was recognized as one from month to month, and the notice was served on July 29 to deliver up possession on September 1, following. Rent was paid for the month of August. The tenant not vacating the premises, suit for possession was begun September 1. The court said that if, as shown by the evidence, the last payment of rent was for the month of August, and it was desired to terminate the tenancy at the end of that period, the notice should have been given to surrender on the last day of August, as the month would expire on that day at midnight.

The court however added: "At least this is the latest date the notice should have specified to enable appellees to bring their suit on September 1, 1908. *Prickett v. Ritter,* 16 Ill. 96."

In *Kaylor v. Smith,* 229 Ill. App. 140, cited by appellant as supporting his contention, where the lease was treated as running from November 1 to December 1, and the notice required vacation on the latter date, the court relying mainly on the rule laid down in *Prickett v. Ritter,* 16 Ill. 96, fixing the end of the tenancy on the day as fixed by the rent day or falling due of the rent, held the notice was sufficient. It regarded the *Bedell* case as merely holding that the notice in that case was insufficient upon which to base a suit commenced on the day the notice required surrender of the premises. The opinion in the *Bedell* case seems to have gone further than that, and is more in consonance with the general rule that a tenancy from month to month expires at midnight on the last day of the month, and the notice should call for vacation of the premises on that day, although the tenant has the right of occupancy to its very end at midnight, and the landlord the right of occupancy on the next day. Notwithstanding this rule, however, we cannot but think that it is the better reasoning to hold, as decided in the cases from other jurisdictions above cited, that the tenant cannot take advantage of a mere technical violation of the rule in the giving of an additional day in which to vacate, and that the giving of that day does not constitute consent of the landlord to holding over for another month.

However, if the rent in the instant case may be deemed "as falling due" on the 15th of each month, as may be inferred from the fact that the payments were made on that day, then applying the rule laid down in *Prickett v. Ritter,* the notice may be deemed sufficient. But whether we deem the lease as terminating on the 15th under that rule, or on the 14th un-

224

der the language, "to the 15th," we think on the reasoning of the cited authorities the notice was sufficient to sustain the action.

*Affirmed.*

GRIDLEY and FITCH, JJ., concur.