## G. H. FAGERSTROM v. EDWARD RAPPAPORT.[1]

January 25, 1929.

No. 26,957.

[1]Reported in 223 N. W. 142.

*David London,* for appellant.
*Charles A. Dalby,* for respondent.

HOLT, J.

Defendant, Edward Rappaport, appeals from a judgment in plaintiff's favor. The single question presented by the appeal is: Did the court err in striking as sham and irrelevant the separate answer of appellant?

The complaint alleged that upon the land owned by appellant in Minneapolis, Minnesota, he, by his contractor, erected a building, and that plaintiff, as subcontractor of the contractor, furnished labor and material in the construction thereof; that the first item was furnished August 9, 1926, and the last item November 1, 1926; that on November 30, 1926, there was a balance due therefor in the sum of $2,000; that more than that sum was due the contractor from appellant, but appellant was unable to pay it, so the contractor could not pay plaintiff; that plaintiff threatened to file a mechanic's lien on the premises, which appellant wished to avoid; that thereupon on the last named day it was agreed between appellant, the contractor, and plaintiff that plaintiff would not file such lien and in consideration thereof appellant would execute a promissory note for $2,000, payable to plaintiff's order in 18 months from that date, with six per cent interest payable semi-annually, and secure said note by executing a mortgage upon certain other described real estate owned by appellant in said city, subject only to a $3,000 first mortgage thereon; that appellant executed and delivered the note as agreed but neglected and now refuses to execute

the mortgage; that plaintiff in reliance on said agreement did not file any mechanic's lien and released his claim against the contractor. The complaint is more full as to the agreement between the parties in respect to the release of the contractor, but from the position taken by appellant no more need now be stated on that subject. Plaintiff asked that appellant be compelled to execute such mortgage. The stricken answer contained a denial of the allegations of the complaint save as admitted or pleaded to. The note was set out verbatim in the complaint, and recites that it was "for value received" and also that it was "secured by second mortgage on 310-312 Plymouth Ave. No."

The answer admits that plaintiff was a subcontractor of appellant's contractor in the erection of the building, and then avers that the last item of labor and material furnished by plaintiff "was furnished long prior to November 1, 1926, and that on November 30, 1926, the lien rights of the plaintiff had already expired, and that there was therefore no consideration paid to this defendant for the promissory note described in the plaintiff's complaint."

Is this answer palpably sham and irrelevant? Of course the general denial does not deny that defendant signed the note set out in the complaint. The note could be introduced in evidence without proof of signature. G. S. 1923, § 9887. McCormick H. M. Co. v. Doucette, 61 Minn. 40, 63 N. W. 95. In fact, the execution of the note is admitted indirectly by the averments attempting to plead no consideration. And the pleader restricts the absence of consideration wholly to the allegations that plaintiff had no lien rights at the time the agreement was made and the note was given. We think these averments upon the face of the answer are sham and irrelevant. It is not alleged that the agreement was obtained by any fraud or misrepresentation as to when the last items of labor and materials were furnished by plaintiff, or that appellant was ignorant as to when they were furnished. Plaintiff specifically alleged both the date of the first item and of the last. The work plaintiff did in the construction of the building was specified in the complaint, and the answer admitted that he had this subcontract,

which included the "necessary excavating, foundation, some brick and tile work," in all to the amount of $7,795. The first work being done August 9, 1926, it is palpably false that plaintiff's right to file a lien therefor had expired on November 30, 1926, and that the last item thereof was furnished long prior to November 1, 1926. The allegation in this regard is in the nature of a negative pregnant. Had the last item been furnished a month after the erection of the building began, the pleader might refer to it as a long time prior to November 1, 1926, and still there would be more than a week of time left within which to file plaintiff's lien when the alleged agreement was made. We think this attempted plea of no consideration for the note and the agreement to secure it because of the expiration of plaintiff's lien rights on November 30, 1926, palpably sham and known by appellant to be so. Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484, and Cairns v. Lewis, 169 Minn. 156, 210 N. W. 885, justify striking this answer.

There is also an attempted partial defense in the answer; but we think this part was clearly irrelevant and properly stricken as such. An irrelevant pleading is one which has no substantial relation to the controversy between the parties to the suit. Morton v. Jackson, 2 Minn. 180 (219). The part of the answer referred to is in substance that the cement floor work done by the contractor "and said plaintiff was done in an unworkmanlike manner and with the use of defective materials;" that the two "failed to install the proper number of drains on the floor of said premises;" and that it will require the expenditure of $1,000 to remedy the defects. Plaintiff was a subcontractor; his contract was with the contractor and not with appellant. There is no allegation that the defective work was even included in plaintiff's subcontract. And certainly appellant's redress for defective work is against his contractor alone.

Appellant also assails the sufficiency of the complaint as to novation of the debt. For the purposes of a decision on that point we may assume that the complaint does not sufficiently plead novation. Then the general denial is of no value as to an issue not properly tendered. But we think it was not necessary to plead or prove nova-

tion of the debt in this case. The foregoing of filing and enforcing his mechanic's lien was ample and adequate consideration for the note and agreement to give the mortgage to secure it.

Some objection is raised to the form of the judgment. No application has been made to the court below to modify or amend it in any particular. If any correction is required or proper as to the form of the judgment, application therefor should first have been made to the trial court.

The judgment is affirmed.

