# AITKIN LODGE NO. 164 I. O. O. F. v. TROPPMAN & SINGER.[1]

February 14, 1930.

No. 27,691.

*L. T. Mahany,* for appellants.
*John T. Galarneault,* for respondent.

STONE, J.

Ejectment, wherein defendants appeal from an order striking their answer as sham.

Plaintiff sues as the owner of a store property in Aitkin. The complaint alleges plaintiff's ownership, right to possession and wrongful detention by defendants, who are sued as copartners. The answer admits the ownership of plaintiff, possession by defendants, and denies the other allegations of the complaint.

Supporting the motion to strike the answer are affidavits which show that defendants hold under an oral lease from month to month made July 21, 1927, and that April 19, 1929, plaintiff served on defendants notice that the lease would terminate and defendants be required to vacate "on the termination of May 20, 1929." There is also a statement that "defendants are several months in default of rentals earned," but there is no showing that when the notice to vacate was served there was any such delinquency, and it is apparent that the case was not disposed of below on that theory. For defendants there was an affidavit admitting that the "rent date"

[1] Reported in 229 N. W. 312.

under the lease "was the 21st day of each month," and asserting that under an oral amendment, in consideration of certain improvements made by defendants, they were "to have at least six months' notice to vacate the building * * * if the plaintiff should decide to ask them to vacate." For plaintiff modification of the original agreement was denied.

Plaintiff is a corporation, a subordinate lodge of the Independent Order of Odd Fellows. As such it could contract for the leasing of the property in question only through its board of trustees. They made the lease with defendants. All the latter now claim is that the agreement that there should be six months' notice to quit was made by them with "Elmer E. Seavey * * * a member of the plaintiff lodge and to whom said rents were paid, and with whom practically all negotiations were had, * * * who was representing the plaintiff." In the absence of any attempt by defendants to show that the alleged new agreement was either authorized or ratified by the trustees of plaintiff, we decline to reverse the order striking the answer. The conclusion reached below that it was sham is sustained by the record. The showing for plaintiff was not met, fully and frankly, by that for defendants. Deckert v. Schwartz, 163 Minn. 424, 204 N. W. 164.

There is some argument that the notice served was not sufficient even under the original lease. It required a surrender of the premises "on the termination of May 20, 1929." May 21 admittedly was the "rent date." "On the termination of May 20" could not mean any other date than the 21st. Furthermore, the monthly term of defendants expired on the 20th. The most that can be said about the notice is that it gave them an additional day or part thereof in which to vacate. "It is proper to notify a tenant to remove on the day his monthly term expires, but a notice is not insufficient or defective which notifies him to vacate the following day." Searle v. Powell, 89 Minn. 278, 279, 94 N. W. 868. Given proper notice, "the landlord has a right to enter at a time at which the rent terminates." Grace v. Michaud, 50 Minn. 139, 141, 52 N. W. 390, 391.

Order affirmed.