JALMAR H. SIMONS v. JULIUS SCHWARTZ AND ANOTHER.[1]

April 17, 1936.

No. 30,824.

*Sarah Gensler Schwartz,* for appellants.
*Rudolph E. Low,* for respondent.

HOLT, JUSTICE.

Plaintiff, a physician and surgeon, sued the defendants for professional services rendered the defendant wife in February and March, 1933, which he alleged were of the reasonable value and agreed price of $85, no part of which had been paid. Defendants answered jointly, admitting that plaintiff had rendered professional services to the defendant wife. There was a general denial, followed by this specific denial: "but specifically deny that the reasonable value and agreed price for said services was $85. Defendants further specifically deny that they are indebted to plaintiff in the sum of $85, but admit that they are indebted to the plaintiff

[1]Reported in 266 N. W. 444.

in the sum of $25, which they have been and are ready and willing to pay." They ask for dismissal with costs and disbursements. In support of the motion to strike, plaintiff made an affidavit that after the services were rendered he sent them several statements or bills of the amount thereof in the summer of 1933 and wrote a letter to the defendant wife July 24, 1933, urging payment, which she answered under date of August 7, 1933, acknowledging receipt of the letter and stating:

"I am indeed sorry that the payment of my account has been overlooked. I was under the impression that Mr. Schwartz had taken care of the account, but evidently he has not. You may expect a substantial payment next month."

Plaintiff stated positively in his affidavit that since he received the letter no part of the bill had been paid. Plaintiff's affidavit was met by the affidavit of the defendant husband only to the effect that he had read plaintiff's affidavit and that after his wife wrote the letter of August 7, 1933, "a payment has been made on account and it was then and there agreed between affiant and the plaintiff, that plaintiff's bill for professional services rendered Mrs. Schwartz to be $50 instead of $85. That the present indebtedness to the above named plaintiff is $25 and no more, which affiant has been and still is ready and willing to pay."

It is to be noted that the general denial in the answer is followed by an admission and a specific denial "that the reasonable value and agreed price for said services was $85." The specific denial supersedes the general as to the issue of the reasonable value and agreed price. The specific denial is a negative pregnant. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7571. It is true, the rule of negative pregnant has been criticized; but where an attack is made on a pleading by motion before trial there is no reason why negative pregnant allegations should not be eliminated. Fagerstrom v. Rappaport, 176 Minn. 254, 223 N. W. 142. The services and their agreed value being thus admitted, there remains in the answer the allegation that there is due plaintiff the sum of $25 and no more. This is a mere legal conclusion; but, even so, it is shown

to be sham, that is, false. Payment as a defense must be pleaded. There is no allegation of payment in the answer. The defendant wife does not by affidavit meet the affidavit of plaintiff that no part of his claim has ever been paid. Nor does the defendant husband in his opposing affidavit directly meet the assertions of plaintiff. Indirectly and evasively he states that after his wife's letter of August 7, 1933, a payment was made, without stating the time or amount, and in that connection he states that it was agreed between him and plaintiff that the latter's bill for services should be $50 instead of $85. We think the refutation of plaintiff's affidavit is so evasive, indirect, and insufficient that insofar as the answer set forth any defense at all it was sham.

The above adequately shows that it was not made to appear that defendants had any defense which they could set up to defeat or reduce a meritorious claim for medical services that had remained unpaid for more than two years. Hence no abuse of judicial discretion is made to appear in ordering judgment instead of permitting defendants to amend. We have not considered the supplemental record in reaching our decision.

The judgment is affirmed.