## HYMAN REALTY COMPANY v. SAM KAHN AND ANOTHER.[1]

February 5, 1937.

No. 31,073.

A. M. Gunn, for appellants.
William F. Friedman, for respondent.

DEVANEY, CHIEF JUSTICE.

Action in wrongful detainer by the Hyman Realty Company against Sam Kahn and Ben Kahn.

Plaintiff recovered a verdict, and judgment was entered pursuant thereto granting to plaintiff restitution of the premises involved. This is an appeal from the judgment.

The only question raised by this appeal is that of the sufficiency of the notice to quit.

On April 30, 1936, plaintiff served upon defendants the following written notice:

"Please be advised that we desire you to vacate the premises which you now occupy at 250-252 West Broadway, Minneapolis, Minn., so that we may have possession of said premises on and after May 31, 1936."

It is defendants' contention that this notice is insufficient because it indicates an attempt on the part of plaintiff to deprive defendants of possession of the premises before midnight of the

[1]Reported in 271 N. W. 248.

last day of the month, May 31. They assert that since the notice asks possession and contains the word "on" referring to May 31, it does not constitute a sufficient month's notice within the meaning of 2 Mason Minn. St. 1927, § 8191. We cannot agree.

It is well settled law that after proper notice the tenant under a month to month tenancy is obliged to quit the premises on or before midnight of the last day of the month, which in this case would be May 31. Neither party argues to the contrary. It is also conceded that the landlord under such tenancy is entitled to possession on the first day of the month following, which in this case would be June 1.

The notice in question read in its entirety asks for vacancy in order that plaintiff may have possession. The only time designated is "on and after May 31, 1936." In the light of what has been conceded, there is no doubt that it was proper to ask for vacancy *on* May 31, and for possession *after* May 31. It is not unreasonable to suppose that this is what was intended by plaintiff, and there is nothing to indicate that defendants were misled into believing anything else by this notice. Viewing defendants' version of the matter in the best possible light, there is an ambiguity in the document. The learned trial court, recognizing this, submitted the question of the construction of the notice to the jury with full and proper instructions. The jury found for the plaintiff. We are unable to say as a matter of law that their decision was erroneous and cannot disturb the verdict on that ground.

While it is true that a notice to quit is statutory and technical, Grace v. Michaud, 50 Minn. 139, 52 N. W. 390, the construction of any given one must be reasonable, and there is no justification for the splitting of legal hairs because of the fact of technicality. Sound reason and common sense must govern the construction of even a technical document.

There is no merit to the appeal.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.