MaBelle Houghton Plumb Trust u/w of Charles F. Houghton, Deceased, City Bank Farmers Trust Company, Trustee, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 8860.   Promulgated February 13, 1947.

*Carter T. Louthan, Esq.*, for the petitioner.
*Sheldon B. Ekman, Esq.*, for the respondent.

OPINION.

JOHNSON, *Judge*: The trust involved herein owned a half interest in real estate on which a tenant erected a building during the period of lease. The lease expired on December 31, 1941, and petitioner recovered possession. The parties are in agreement that the erection of

the building increased the value of petitioner's interest in the property by $8,000, and that under the doctrine of *Helvering* v. *Bruun*, 309 U. S. 461, the $8,000 is taxable as income of the petitioner for 1941 if realized in that year. The issue for decision is thus the year of realization, and that is fixed by the date on which petitioner recovered possession. It is stipulated that the lessees remained in possession for the full term specified in the lease that no "overt act" accompanied the delivery of possession, since a part of the premises was occupied by subtenants who remained and a part was vacant. The question posed must, therefore, be settled by a theoretical determination of when petitioner's right took effect.

Respondent invokes nice logic for the proposition that the expiration of the lease and reversion of possession to petitioner were simultaneous, and if the lease expired at midnight on December 31, 1941, then petitioner acquired possession at the same moment; and this moment fell in December 31, 1941, not in January 1, 1942. If we were disposed to apply for tax purposes the logistic refinements of the mediaeval schoolmen, we should weigh against this reasoning the equally cogent argument that the lessees were entitled to the premises through the last moment of 1941 and any possession by petitioner in that year would be contrary to the terms of the lease. Whether the atom of time marking midnight can be split, however, we shall not decide, being of the opinion that the construction of contracts and the incidents of business transactions are not to be interpreted by philosophical refinements, but rather by the practical understanding of terms according to business usage.

By this test we think it plain that the lessees' tenancy ended in 1941 and petitioner's possession began in 1942. This view is well supported by a decision of the Supreme Court of the State of Minnesota, wherein the premises are located. In *Hyman Realty Co.* v. *Kahn*, 199 Minn. 139; 271 N. W. 248, the plaintiff lessor was required by law to give his tenant a month's notice to vacate leased premises. On April 30, 1936, the plaintiff served the notice, adding: "so that we may have possession of said premises on and after May 31, 1936." The defendant tenants contended "that since the notice asks possession and contains the word 'on' referring to May 31, it does not constitute a sufficient month's notice." In holding that it did, the court said:

* * * it was proper to ask for vacancy on May 31, and for possession after May 31. It is not unreasonable to suppose that this is what was intended by plaintiff, and there is nothing to indicate that defendants were misled into believing anything else by this notice. * * *

While it is true that a notice to quit is statutory and technical, *Grace* v. *Michaud*, 50 Minn. 139, 52 N. W. 390, the construction of any given one must be reasonable, and there is no justification for the splitting of legal hairs because of the fact of technicality. Sound reason and common sense must govern the construction of even a technical document.

The court's remarks are singularly applicable to the facts of the case at bar. As held in the cited decision, a day under Minnesota law ends at midnight, and, while respondent attempts to impute to petitioner and the lessees an intention to terminate before midnight on the ground that delivery of possession on December 31 is mentioned in a tax declaration and in correspondence between petitioner's agent, the petitioner, and the lessees, we are not persuaded of any intended change in the lease's terms by reason of expressions in documents which do not expressly purport to change those terms. Indeed, consideration of any intention of the parties to make a change seems precluded by the stipulation that the lease "came to an end upon expiration of the original term specified therein." Nor do we think, as respondent argues, that the effect of the Minnesota holding can be limited because "on and after" created ambiguity or because the tenancy there involved was from month to month.

It seems clear and unambiguous that by petitioner's lease contract the lessees were entitled to possession until the end of the year 1941 and that petitioner became entitled to possession immediately after the end of 1941, which point of time is the beginning of 1942. A business man would so understand, and we so understand. Petitioner, therefore, did not recover possession of the property in 1941, and the Commissioner erred in including in 1941 income any amount representing the value of the building on the leased premises.

*Decision of no deficiency will be entered.*