## RUSSELL C. HEINSCH AND ANOTHER v. THOMAS KIRBY AND ANOTHER.[1]

March 7, 1947.

No. 34,328.

*Ludwig O. Solem,* for appellants.

*H. Van Valkenburg & Blaisdell,* for respondents.

[1]Reported in 26 N. W. (2d) 363.

LORING, CHIEF JUSTICE.

This is an appeal from a judgment ordering restitution for plaintiffs in an unlawful detainer action brought in the municipal court of Minneapolis.

Plaintiffs purchased the premises involved on January 22, 1946, and the OPA authorized them to institute an action of eviction after June 30, 1946. Plaintiffs sent the following letter to defendants on April 19, 1946:

"Mr. Thomas Kirby,
 2354 James Ave. N.
"Dear Sir:

"No doubt you are aware that the house which you are occupying has been purchased by us. Accordingly, as per rules and regulations, we are hereby rendering you the time necessary by OPA, that is, until June 30, in which to find another place. We expected to occupy the premises by July 1.

"My husband is a veteran and we have two small children and were unable to find a home for ourselves without proceeding in this manner.

"Wishing you luck, and hoping you will not find this too difficult, we are,

"Sincerely yours,
R. C. Heinsch.

"P. S. Our phone number is Du. 4431 in case you wish to contact us."

It is conceded that the relationship which existed was that of a month-to-month tenancy and that if the foregoing letter terminated that tenancy, in accord with the requirements of state law, the judgment must be affirmed. Even though the time required in a notice to quit is statutory and technical, the contents of a notice to terminate a tenancy are not specified by statute, and substantial, not technical, accuracy is all that is required. Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454, and Hyman Realty Co. v. Kahn, 199 Minn. 139, 140, 271 N. W. 248, where this court said:

"While it is true that a notice to quit is statutory and technical, Grace v. Michaud, 50 Minn. 139, 52 N. W. 390, the construction of any given one must be reasonable, and there is no justification for the splitting of legal hairs because of the fact of technicality. Sound reason and common sense must govern the construction of even a technical document."

Applying this rule to the case at bar and viewing the letter as a whole, the notice was proper. "Until June 30" is to be construed in connection with the next sentence, "We expected to occupy the premises by July 1." The question that arises is whether or not these two statements, taken together, show an intent on the part of the landlord to occupy the premises the day of June 30, which would make the notice defective, because the tenants were entitled to the premises until midnight of June 30. The notice did not state, "We expected to occupy the premises by June 30," which would make it defective, but it did state "by July 1," and "by" includes the day named. Scheuer & Tiegs, Inc. v. Benedict, 173 Wis. 241, 181 N. W. 129, 12 A. L. R. 1166. Hence, the landlord evinced an intent to occupy the premises on July 1, which he was entitled to do. Hyman Realty Co. v. Kahn, 199 Minn. 139, 271 N. W. 248, *supra*.

Affirmed.