Sandra MANZANARES, Appellant,

v.

Jake MANZANARES, Appellee.

No. 70403.

Supreme Court of Oklahoma.

Feb. 14, 1989.

Petersen Associates, Inc. by Catherine Holland Petersen and Lauren Day, Norman, for appellant.

J. David Rambo and Marianne Shimanek Ratliff, Norman, for appellee.

HODGES, Justice.

Sandra Manzanares (appellant or Wife) challenges the amount of the child support award to be paid to her by Jake Manzanares (appellee or Husband) as ordered in

their divorce decree. At the time of the decree the Oklahoma Supreme Court Child Support Guidelines, Administrative Directive No. 87–104, were in effect. Since that time the Legislature has enacted statutes which also promulgate child support guidelines, 12 O.S.Supp.1988 §§ 1277.7, 1277.8 and 1277.9 (effective June 20, 1988). Therefore, the Supreme Court Administrative Directive was withdrawn July 1, 1988, on the basis it now constitutes a redundancy.[1]

On January 22, 1988, by court minute the trial judge ordered Husband to pay $300 child support per month for their three minor children plus medical insurance to Wife until May 1, 1988, then at that time after payment in full of a marital debt at the credit union the amount would increase to $350 plus medical insurance. In the court minute the trial judge stated "[Supreme Court] guidelines unconstitutional as an infringement upon judicial discretion." Wife had requested in her amended petition that child support be set in accordance with this Court's Guidelines and the base child support of $421.68 and the child care computation of 53 percent of current monthly expenditure (at that time $169) be awarded. In the Journal Entry filed March 28, 1988, the trial court stated: "In response to a request by Plaintiff for a specific finding of fact justifying the deviation from the Oklahoma Child Support Guidelines, the court specifically declined to follow the Oklahoma Child Support Guidelines and found them to be an unconstitutional infringement upon the discretion of the trial court."

The transcript from a subsequent hearing held on April 29, 1988, concerning a narrative statement of trial proceedings to be submitted to the appellate court, reflects the trial judge expanded on his reasoning not previously enunciated in the January 22 unrecorded hearing. He stated the amount awarded was based upon the equities of the case after consideration of the conflicting guidelines submitted by the parties. He noted the evidence concerning the

amount of the husband's gross income was disputed.

Wife urges this Court to reverse and remand the case to the trial court for a new hearing pursuant to the new statutory Guidelines with directions that if the trial court should deviate from the Guidelines it must make specific findings of fact.

Both parties concede the issue regarding the constitutionality of this Court's Guidelines is moot as they are no longer effective or enforceable. Consequently, we need not address this issue. *Combs v. Johnson*, 92 Okl. 189, 218 P. 1098 (1923).

Husband urges this Court to dismiss the case. In the alternative he seeks affirmation of the trial court's judgment arguing the award was consistent with the statutory Guidelines which now allow the amount to be based upon the equities of the case. He refers to the statutory Guidelines which permit the trial court to deviate from them "where the amount of support is inequitable, unreasonable under the circumstances, or not in the best interests of the child or children involved, and such deviation is supported by specific findings." 12 O.S.Supp.1988 § 1277.7(19).

Similarly, § 16 of this Court's Guidelines, in effect at the time of the award, provided:

"Except as otherwise provided herein, the court may deviate from these guidelines only in the event of extraordinary circumstances. If the court deviates from these guidelines, it shall make a specific findings of fact justifying the deviation."

The trial judge's statements at the April 29 hearing satisfied the requirement of a specific finding of fact justifying the deviation from this Court's Guidelines based upon the extraordinary circumstances.

In *Kirkland v. Kirkland*, 488 P.2d 1222, 1224 (Okla.1971), we stated in the syllabus by this Court:

"On appeal from a decree requiring the husband to contribute to the support of the children in the custody of the wife, this court will search the entire record, but will not change the amount of child

---

**1.** 59 O.B.J. 1811.

support allowed by the trial court in the absence of a showing that the amount awarded is clearly against the weight of the evidence."

This Court does not have a stenographic transcript; therefore, it makes it difficult for us to find any reversible error in the amount of the child support awarded. According to the narrative statement of the evidence and proceedings submitted to this Court, Husband had paid $300 per month as temporary child support and had taken a second job as a school bus driver to allow him to make the $300 monthly payment. Also, Husband paid $170 per month as a health insurance premium for the benefit of the children. Wife did not dispute the Husband's payment of the premium but argued she had considered it in the child support guideline worksheet computation offered to the trial court. Husband alleged his net income from his principal place of employment was $471 every two weeks. Wife asserted Husband's net check included deductions for a credit union payment and deposits into annuity and deferred compensation accounts. The transcript from the hearing regarding the narrative statement reflects the amount of Husband's gross income was disputed. Husband alleged his gross monthly income was $2,055 and Wife alleged it was $2,288.33.

Upon review of the record in the instant case we find the child support awarded is not clearly against the weight of the evidence, and that the trial court did not abuse its discretion. We, therefore, affirm the trial court's award of child support.

AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., and DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

LAVENDER and SIMMS, JJ., dissent.