### HEENAN v. DAVIS.

No. 28005.   March 8, 1938.

238

Dolman, Dyer & Dolman, for plaintiff in error.

Sigler & Jackson and N. E. Ticer, for defendant in error.

GIBSON, J. In order to enable her brother, C. M. Sewell, to go into the automobile business, Mrs. Grace Heenan, plaintiff in error, executed a promissory note payable to A. D. Davis, defendant in error. Davis alleges that she also executed a written agreement of guarantee of the indebtedness which Sewell might incur by virtue of borrowing money from Davis and upon automobile paper financed by Davis. Mrs. Heenan and her brother denied that there was such written agreement, and also asserted that Mrs. Heenan's agreement was one only to hold Davis harmless on account of any collections Sewell might make on the refinanced paper. They contended also that this agreement was oral and within the statute of frauds. No written contract other than the note was produced, but Davis, on his assertion that there had been such a writing, now lost, was allowed to testify as

to its nature. His testimony on this point is very unsatisfactory, but the jury, of course, had the right to believe him.

Nearly five years after the execution of the note Davis sought Sewell, who had moved to Texas, and obtained from him a letter or written instrument which reads as follows:

"Gilmer, Texas,
"April 19, 1934

"Mr. A. D. Davis,
"Wilson, Okla.,

"Dear Mr. Davis:

"I am writing you this letter regarding my indebtedness to you. I acknowledge that I owe you one note in the principal sum of $1150.00, dated in the year 1929. I also owe you the following sums on the following car deals, which you agreed to carry for me, and which payment I guaranteed, viz.:

| C. W. Graham | $ 65.00 |
| Jim Gauntt | 200.00 |
| R. G. Carriker | 200.00 |
| W. E. Posey | 142.44 |
| R. D. Sanders | 245.43 |
| A. M. Maxwell | 220.00 |
| Leonard J. Peden | 120.00 |

—the last mentioned obligations totaling $1192.87 in addition to the note of $1150.00.

"I am paying you herewith $1.00 on the $1150.00 note and $1.00 on each of the other items. I justly owe you the sum of money provided for in the $1150.00 note and the sum or sums of money provided for in each of the obligations hereinabove set out, and agree to pay same as soon as I possibly can. The indebtedness above mentioned are my own personal obligations, and no one else is responsible therefor.

"Yours truly,
"C. M. Sewell."

Davis afterwards brought suit against Sewell and Mrs. Heenan, declaring on the alleged lost contract, the note executed by Mrs. Heenan, the letter just referred to, and the $1,150 note mentioned in the letter. He obtained judgment from which Mrs. Heenan only appeals.

For reversal she urges the following errors:

First, that as the suit was on a guarantee, there was not sufficient memorandum to take the guarantee without the statute of frauds. Second, the account stated on April 19, 1934, altered the rights and remedies of the parties without Mrs. Heenan's consent, thereby discharging her as a guarantor. Third, the court erred in striking out the last sentence of the letter of April 19, 1934. Fourth, the court erred in refusing an in-

struction as to the nature of the alleged guarantee.

Since the jury had the right to take Davis' testimony as to the loss of the contract and its contents, we cannot say that there was not sufficient memorandum to take the case out of the statute of frauds. He testified that the contract guaranteed him against any loss. Counsel for Mrs. Heenan examined Davis at length as to this alleged contract, seeking to show that Davis was mistaken. He again averred, however, that his guarantee covered all the transactions of the automobile business in which Sewell was engaging. His testimony was badly shaken and soundly disputed, but its credibility was for the jury.

The instruction asked and refused was erroneous because singling out and commenting on certain witnesses' testimony. We have, however, examined the instructions given and find that the gist of the requested instruction was given to the jury. The issue presented here was to the effect that, according to the defendants, the guarantee extended no further than to secure the payment to Davis of money collected on the notes. In the given instruction the court told the jury that if this was the sole purpose of the note, the plaintiff could not recover. There was no error here. The court is not bound to give instructions requested if they are erroneous, nor to give such requested instructions if covered by the given charge. Livingston v. Brown, 100 Okla. 17, 227 P. 124.

The testimony of Davis showed that he sought out Sewell and after negotiations obtained the letter or document dated April 19, 1934. It is difficult to see why the court struck out the last sentence of this document. Davis attempted to obtain an agreement by Sewell that Mrs. Heenan was liable, but instead received the document offered in evidence. Although this document was signed by Sewell only, it was procured by Davis, received and accepted by him without objection, and, moreover, constitutes one of the documents upon which he relies for recovery. It was not as to Sewell a self-serving declaration, it was more of an admission against interest. It was not made by Mrs. Heenan, nor did she have any knowledge of its making. It could not have been a declaration made by her. There was no reason why Sewell, when asked for an account, could not say: I will give you this account if you agree that it's only against me and no one else. The jury should have been given the right to determine whether Davis by accepting and suing on this contract agreed to this term as well as the others. Furthermore, regardless of any binding effect it may have had, the jury had a right to consider this declaration, acquiesced in by Davis, as an important construction of the original contract, whose terms were in dispute, as well as to whether there existed any contract to guarantee beyond the collected moneys.

The account stated constituted a new agreement, became a new obligation and took the place of the prior account. Williams v. Casparis Bros., 113 Okla. 51, 238 P. 438. In the absence of fraud or mistake, not pleaded here, Davis by accepting the written contract became bound by its recitals. Brown v. Connecticut Fire Insurance Co., 52 Okla. 392, 153 P. 173. In K K K Medicine Company v. Harrington, 83 Okla. 201, 201 P. 496, it was held that where the creditor changes or alters the original obligation of the principal without the consent of the guarantor, such act on the part of the creditor exonerates the guarantor. The account stated is not admissible in evidence to prove the liability of the guarantor. The guarantor's obligation was to pay the loss, not that which Sewell should acknowledge he owed. Hatch v. Elkins, 65 N. Y. 489. The debtor does not represent the guarantor in such transaction.

Davis so pleaded that he might be considered in one way to be relying on the original obligations, in another on an account stated. If the former, Mrs. Heenan had the right to have his transactions with his debtor in evidence, including all of the statements in the letter, so that the jury under appropriate instructions could determine whether Davis accepted the terms thereof or agreed to the construction of the contract as stated by Sewell. If the latter, then, if the jury found Davis had accepted an account stated, as set forth, and was suing thereon, the jury should be appropriately instructed as to the guarantor's nonliability on the new agreement.

The cause is reversed and remanded for a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and HURST, JJ., concur.