**WEBSTER DRILLING COMPANY,**
a Corporation, Plaintiff in Error,

v.

**STERLING OIL OF OKLAHOMA, INC.,**
Defendant in Error.

No. 39697.

Supreme Court of Oklahoma.

Nov. 13, 1962.

Spillers & Spillers, G. C. Spillers, Jr., Jack R. Givens, Tulsa, for plaintiff in error.

Murdock, Schwabe & Monnet, Edward O. Monnet, Tulsa, for defendant in error.

JACKSON, Justice.

In the trial court, plaintiff Webster Drilling Company sued Sterling Oil of Oklahoma for accrued and accruing interest allegedly due to Webster as a result of certain transactions between the parties. Sterling's demurrer to Webster's amended petition was sustained and the cause dismissed, and Webster appeals.

Plaintiff's position is that the amended petition alleges a cause of action based upon an account stated. The pertinent facts alleged may be fairly summarized as follows: plaintiff Webster performed certain oil well drilling for Sterling pursuant to contract. After the completion of the work, and before payment was due, Webster sent statements of account to Sterling, and Ster-

ling thereafter made partial payments over a period of about nine months, leaving the sum of $12,436.12 due to Webster. On May 31, 1958, and a little over a year after the full amount had become due, Webster sent Sterling a statement of account listing the principal sum of $12,436.12, plus interest in the amount of $1050.90, making a total remaining past due and unpaid of $13,-487.02. Sterling did not question the correctness of this account, but retained it without objection for eleven months. See 1 Am.Jur. Accounts and Accounting, § 25; 1 C.J.S. Account Stated § 37a. On May 1, 1959, Sterling paid Webster $12,436.12— the exact amount remaining due on the principal obligation. The interest demanded has not been paid.

The petition also alleged that there was a generally understood and accepted custom and usage in the industry, to the effect that amounts due under contracts such as that here concerned would bear interest at the rate of 6% per annum until paid, and that such custom and usage was intended to be, and was, an implied term of the contract between Webster and Sterling. The prayer of the petition was for accrued interest in a specified amount, interest accruing thereafter until payment, and for costs of the action.

Sterling's demurrer to the petition was sustained and the cause dismissed.

■ In this situation, the applicable and well settled rule is that when tested by a demurrer, a petition must be liberally construed in favor of plaintiff, and all facts well pleaded, together with all inferences which may reasonably be drawn therefrom, must be taken as admitted to be true for the purposes of the demurrer. Correll v. Earley, 205 Okl. 366, 237 P.2d 1017.

On appeal, Webster contends that the petition alleges a cause of action based upon an account stated, and that the petition alternatively states a cause of action for interest earned under an implied agreement arising from custom and usage in the industry.

Sterling argues in effect that under either theory advanced by Webster, the petition shows upon its face that Webster's claim for interest is barred by the terms of 23 O.S.1961 § 8, which provides as follows:

"Accepting payment of the whole principal, as such, waives all claim to interest."

For reasons set out below, the quoted statute is not a bar to either of the causes of action pleaded by Webster.

■ An account stated is an agreement, express or implied. The amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular constituent items. 1 Am.Jur. Accounts and Accounting, § 16. An account stated is a new obligation, taking the place of the obligation upon the prior account. Heenan v. Davis, 182 Okl. 237, 77 P.2d 78.

■ Therefore, Webster's cause of action as for an account stated is not an action for interest, the recovery of which, under proper circumstances, might have been precluded by 23 O.S.1961 § 8. It is an action on a new and independent obligation which cannot be denominated "interest", and it rests upon the new agreement of the parties, express or implied, that such amount is due from defendant to plaintiff.

It is not denied in the briefs that Webster's amended petition pleads a cause of action as for an account stated. Such being the case, it is an action upon a new obligation, and is not an action for interest which might have been waived because of 23 O.S.1961 § 8.

■ As an alternative cause of action, Webster pleaded that there was an implied contract, arising by reason of custom and usage in the industry, by the terms of which Sterling agreed to pay interest on past due items of the account. For purposes of the demurrer to the petition, and in accordance with the quoted rule from Correll v. Earley, 205 Okl. 366, 237 P.2d 1017, the existence of such contract to pay interest is ad-

mitted to be true. It should be noted that under this cause of action, Webster prayed for a recovery of interest *which Sterling had agreed to pay,* and not for a recovery of interest *as damages for* breach of an obligation to pay money (23 O.S.1961 § 22).

■ In Ray F. Fischer Co. v. Loeffler-Green Supply Co., Okl., 289 P.2d 139, this court held:

"[Where] the right to interest is based on a contract, it becomes a substantive part of the debt itself and is recoverable even though the principal debt has been paid and extinguished."

■ Although 23 O.S.1961 § 8, is not specifically mentioned in the Fischer case, the principles of law therein applied are analogous to the case at bar. Since for purposes of the demurrer it is admitted that Webster's right to the interest is based upon contract, the interest has become "a substantive part of the debt itself"—a part of the "whole principal"—which admittedly has not been paid. Since the "whole principal" has not been paid, 23 O.S.1961 § 8, is not applicable, and 'Webster has not waived the interest.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to reinstate plaintiff's petition and undertake such further proceedings as may be proper.

WILLIAMS, C. J., and DAVISON, HALLEY and IRWIN, JJ., concur.

WELCH and JOHNSON, JJ., concur in result.

BLACKBIRD, V. C. J., and BERRY, J., dissent.

BERRY, Justice (dissenting).

I am unable to agree with the majority opinion.

At p. 57, § 70, 30 Am.Jur. Interest, it is stated that "as a general rule, where the contract is silent as to interest so that if it can be recovered at all, it is an incident

of the debt sued for, and only as damages to make good to the creditor the loss it has sustained by reason of breach or default. An action to recover it cannot be maintained *after* the payment of the principal, * * *. The rule has also been applied where partial payments upon the principal have been accepted without reservation as to any right of interest. * * *"

At p. 56, § 68, 30 Am.Jur. Interest, the converse of the rule is stated thusly: "The general rule is well settled that where interest is payable by the *terms of the contract,* it becomes an integral part of the principal debt, and the payment of the principal sum does not prevent a subsequent recovery of interest." (Emphasis supplied)

Beginning at p. 96, 100 A.L.R., will be found annotations on the subject "Acceptance of principal seen as affecting right to interest." At the beginning of said annotations the annotator says that "The right to recover interest after the payment of the principal sum due depends upon whether interest is due by the terms of the contract, or whether it is merely implied and allowed by way of damages in an action for the principal. If interest is due by the terms of the contract, the payment of the principal is no bar to its subsequent recovery, but if it is not due by the terms of the contract, the payment of the principal sum is a bar to recovery."

By force of statute (23 O.S.1961 § 22, and 15 O.S.1961 § 266) interest at the rate of 6% was owing on the account in controversy. It is provided, however, in 23 O.S. 1961 § 8, that "accepting payment of the whole principal, as such, waives all claim to interest." Therefore, by accepting the principal amount owing, plaintiff waived interest that was owing by virtue of the statutes first cited.

In its petition plaintiff alleged that "There is in the industry in which plaintiff and defendant are engaged a custom, or usage, generally understood and prevailing that amounts which become due and payable by virtue of contracts such as those entered into between plaintiff and defendant herein will bear interest at the legal rate of interest, or 6% per annum, until the same are fully paid and satisfied, and that the defendant and plaintiff were well aware of such custom or usage when the original agreement between them was entered into, and that said practice was understood and intended to be, and was, an implied and further term of said contract between the parties."

Should greater force or different effect be given to the custom and usage to pay interest at the rate of 6% than to the applicable statutes which so provide? In brief, did custom and usage serve to create a promise to pay principal and also to pay interest? If the answer to the posed question is "yes", plaintiff, by accepting the principal, did not waive the interest, but if the answer is "no", plaintiff waived the interest. I am convinced that the latter answer is the correct answer. At p. 10, § 6, 30 Am.Jur. Interest, this is said:

"Contracts for the payment of interest need not necessarily be express, but may be implied from circumstances surrounding the making of the contract. Such a contract may be implied from the course of dealing or usage established in a certain place where such custom or usage is well known, although a party not aware of the custom cannot be charged with interest. Moreover, it has been frequently held that where a definite contract exists for the payment of money at a fixed date, and the contract is breached, an implied promise exists to pay interest on the sum due, and the duty to pay interest may also arise by implication from a contractual obligation to make payments at stipulated times required by statute. *In this connection, however, it should be noted that interest upon a breach of contract to pay money is usually allowed as damages, and not as interest by any implied contract."* (emphasis supplied)

To my way of thinking, plaintiff is not in a position to assert that as to interest there

'was an account stated. No mention was made of interest in the first invoices or billings that plaintiff forwarded to defendant. After receiving such invoices defendant made payments of $15,000.00, $5,000.00 and $4,000.00 on the principal. It was after these payments had been made that plaintiff billed defendant for interest that had accrued on prior payments as of date of payment and interest which had accrued on unpaid principal. Thereafter defendant tendered and plaintiff accepted the balance owing on the principal indebtedness.

At p. 706, § 28, 1 C.J.S. Account Stated, it is stated that "an account stated must receive the assent of both parties; the minds of the parties must meet, for an account becomes stated only by reason of acquiescence in its correctness." See also cases cited following ☞5, Account Stated, Vol. 2, West's Okl.Dig.

I do not believe that defendant can be said to have acquiesced in the last statement since he treated the prior statements as being correct. At p. 717, § 37b(2)(b), 1 C.J.S. Account Stated, this is said:

"Failure to object to the statement of an account may be explained by a showing that there had been an acquiescence in a previous, *different statement* involving the same transactions, * * *." (emphasis supplied)

Assuming that the last statement constituted an account stated, this would have no bearing upon the basic issue of whether defendant agreed at the inception of the transaction to pay interest and also to pay principal. On a number of occasions this Court has held that an account stated becomes a new obligation in place of the original obligation. See Mayes County Milk Producers Association, Inc., v. Hunter et al., Okl., 317 P.2d 736 and cited cases.

The record shows that for a long period (March, 1957 to May, 1958), plaintiff made no demand for interest and apparently made such demand in May, 1958, only because of defendant's delay in paying in full the principal obligation, therefore, felt that

defendant should pay interest because it had wrongfully deprived plaintiff of use of money that it was entitled to.

For reasons stated, I respectfully dissent from the majority opinion.