**AMERICAN BANK OF OKLAHOMA,**
Petitioner,

v.

**John Q. ADAMS, Judge of District Court of Mayes County, Oklahoma, Respondent.**

No. 46384.

Supreme Court of Oklahoma.

July 17, 1973.

Rehearing Denied Oct. 16, 1973.

Creekmore Wallace, Pryor, for petitioner.

Thomas A. Wallace, Sapulpa, Gotcher, Gotcher & Gotcher by Warren Gotcher, McAlester, for respondent.

HODGES, Justice.

American Bank of Oklahoma (Bank) obtained a judgment in the District Court of Mayes County on two promissory notes numbered 8072 and 8073, which were secured by mortgages on real property. O. L. and Delane Sinor, (Sinors) and other named defendants were found to be jointly and severally liable on the notes. A decree of foreclosure was entered June 12, 1972, by agreement of the parties. The decree granted the bank judgment and found all defendants to be jointly and severally liable for payment of the notes. Sale of certain real property was ordered.

The Sinors timely filed a motion to vacate and set aside the decree of foreclosure on the basis that their attorney had no authority to make the agreement. On July 11, 1972, the motion to vacate and set aside the decree was granted in part to provide that the real property be appraised and sold separately from the personal property (both were covered by the judgment). The finding of joint and several liability by all defendants was not changed. This judgment was not appealed by the Sinors or the other defendants. No motions to modify or vacate the judgment were filed, nor was an appeal lodged in the Supreme Court within thirty days of the date of the judgment. The judgment was a final judgment in so far as the two notes in question are concerned.

On January 15, 1973, over six months after judgment was rendered on notes #8072 and #8073, the trial court rendered judgment on other notes which the defendants were obligated to pay. After announcing its decision, the trial court ordered the parties to present plans for the payment of all judgments rendered against them, including the deficiency judgment due on notes #8072 and #8073.

The Sinors filed a payment plan and tendered payment of one-half the amount of the deficiency judgment on notes #8072 and #8073. They also agreed to tender any deficiency, if any, on these notes after the sale of property owned by the other defendants. The court stayed the execution of the Bank against the Sinors and accepted the tender of payment plan presented by them, pending the application of the Bank for a writ of prohibition.

The judgment of the court had the effect of limiting the recovery of the Bank against the Sinors (at least temporarily) to one-half the judgment, pending any sale of property owned by other defendants, even though the judgment entered by the court decreed joint and several liability.

The Bank filed its application for a writ of prohibition against the trial judge. Later an appeal involving the same issues, and a motion to consolidate the two were filed.

We assume jurisdiction. The writ of prohibition is granted. Because the granting of the writ disposes of the issues, the motion to consolidate is denied. The appeal is rendered moot.

██  The Sinors contend that the order for a plan tendering payment is in the nature of contribution and is therefore justified. Where joint and several liability has been decreed, the possibility of contribution does not diminish liability for the full amount of an unsatisfied balance due on a judgment. Lumbermens Mut. I. Co., Mansfield, Ohio v. Blackburn, 477 P.2d 62, 66 (Okl.1970).

The statute governing modification of judgment is 12 O.S.1971 § 1031.1 which provides:

"Within thirty (30) days after the rendition of a judgment, the court of its own initiative or on motion of a party may correct, open, modify, or vacate the judgment. The court may prescribe what notice, if any, shall be given."

A district court has full control of the judgment it renders. However, after the period of time permitting the court to modify the judgment on its own motion expires, the court is without discretion or jurisdiction to vacate or modify a judgment which is not void on its face. Unless there is substantial compliance with the provisions of the statutes prescribing grounds upon which the district court has power to vacate or modify its own judgment or orders, the statutory power of the court ceases at the expiration of the time designated by statute. Hawkins v. Hurst, 467 P.2d 159, 160 (Okl.1970); Fowler v. Goldfeder, 418 P.2d 317, 319 (Okl.1966); Stevens Expert Cleaners & Dyers, Inc. v. Stevens, 267 P.2d 998, 1000 (Okl.1954).

The time within which the court could act on its own initiative to modify the judgment of July 11, 1972 expired on August 10, 1972. No motion to modify the judgment was filed by the court or any of the parties either during or after the 30 day period of limitation. Therefore, the order requiring a plan of payment of the judgment and the acceptance of the plan by the court had the effect of modifying the judgment after it had become final without compliance with the statute.

When a matter has once passed to final judgment, without fraud, or collusion, in a court of competent jurisdiction, it has become res judicata. The same cause of action between the same parties or their privies cannot be reopened and subsequently reconsidered. Comanche Ice & Fuel Co. v. Biner & Hillery, 70 Okl. 28, 172 P. 629, 630 (1918). See also Baldwin v. Collins, 479 P.2d 567 (Okl.1971).

Prohibition is the appropriate remedy to prevent an inferior judicial tribunal from exercising jurisdiction which it does not possess. State v. Superior Court of Okmulgee County, 175 Okl. 632, 54 P.2d 317, 318 (1936). When a district judge makes an unwarranted and therefore unauthorized or unlawful application of judicial power he may and should be prohibited. State v. Evans, 319 P.2d 1112, 1113 (Okl.1957).

In this instance, it is apparent from the face of the pleadings that the jurisdiction of the trial court to modify the judgment had expired.

A writ of prohibition will issue to prevent a trial court from reconsidering its judgment after the expiration of the time permitted by statute. Such reconsideration is an unauthorized application of judicial force and is void. (See Owen v. District Court, 43 Okl. 442, 143 P. 17 (1914) for a similar holding involving motion for new trial.)

The trial court was without authority or jurisdiction to require a tender of payment plans for notes #8072 and #8073. The order was untimely and modified the judgment of the court which had been entered 6 months earlier, decreeing liability for the judgment to be joint and several.

The writ of prohibition is granted, with directions to the trial court to vacate the order accepting the Sinors' tender of payment plan.

All of the Justices concur.