1997 OK 122

Nita Charlene Pelter COX and Verna Leann Pelter Graybill, Personal Representatives of the Estate of Leora Pearl Pelter, Deceased, Appellees, Counter-Appellants,

v.

KANSAS CITY LIFE INSURANCE COMPANY, Appellant, Counter-Appellee.

Nos. 88494, 88558.

Supreme Court of Oklahoma.

Oct. 8, 1997.

Rehearing Denied Jan. 21, 1998.

Gerald P. Green, Haven Tobias, Oklahoma City, for Appellant, Counter–Appellee.

W.C. "Bill" Sellers, W.C. Sellers, Jr., Sapulpa, Mike Jones, Bristow, Oklahoma and Kyle B. Hadwiger, for Appellees, Counter–Appellants.

WATT, Judge.

¶ 1  This is an appeal by defendant, Kansas City Life, from the trial court's order imposing liability against Kansas City Life on a verdict and judgment entered against Kansas City Life's former agent, Billy Stearman.  Plaintiffs, the personal representatives of the estate of Leora Pearl Pelter, deceased, also appeal because the trial court reduced the amount of punitive damages in the Stearman judgment from $20,000,000.00 to $1,000,000.00.  For the reasons discussed in the balance of this opinion we hold that the trial court erred both in reducing the amount of punitive damages in the Stearman judgment, because it was final, and in imposing liability against Kansas City Life on the Stearman judgment, because it was against Stearman alone.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2  In March 1992, the personal representatives of Leora Pearl Pelter, deceased, brought suit on behalf of the Pelter estate against Kansas City Life Insurance Company claiming breach of a life insurance contract

on the life of Mrs. Pelter's husband. The personal representatives are Mrs. Pelter's daughters. The Pelters alleged bad faith and the intentional infliction of emotional distress. The Pelters also sued Billy D. Stearman, who had been Kansas City Life's agent. Kansas City Life counterclaimed against Stearman alleging fraud, conversion, and embezzlement. Kansas City Life also sought indemnification from Stearman for any amounts Kansas City Life might be found to owe the Pelters.

¶3  Billy Stearman did not appear at the trial of the case, and the trial court directed a verdict against him on liability, for both the Pelters and Kansas City Life. The jury returned a verdict on April 8, 1994. The verdict form used by the jury was unusual, but was not objected to by either party. In it, liability and damages were assessed separately against Kansas City Life and Stearman.[1]  A separate judgment was entered against each defendant in the journal entry of judgment signed by the trial court. The form of the journal entry of judgment was approved by counsel for both parties.[2]

¶4  Following the trial court's entry of judgment against it, Kansas City Life appealed, and on January 19, 1996 the Court of Civil Appeals reduced the punitive damages award against Kansas City Life from $10,-000,000.00 to $500,000.00, but affirmed the judgment against Kansas City Life in all other respects. Both Kansas City Life and the Pelters sought certiorari and we denied both petitions for certiorari on May 15, 1996.

1.  The jury returned its verdict in the form shown below. The underlined portions of the verdict were filled in by hand.

### VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oath, find the issues in favor of the Plaintiff's and against Defendant, Kansas City Life Insurance Company, and fix the dollar amount of their actual damages in the sum of $*Five hundred Thousand* and punitive damages in the amount of $*Ten Million*.

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oath, find the Court has directed a verdict on the issue of breach of contract in favor of the Plaintiff's and against Defendant, Kansas City Life Insurance Company, in the amount of $25,000.00 and fix the dollar amount of their compensatory damages in the sum of $*Twenty Five Thousand*.

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oath, find the Court has directed a verdict on the issue of breach of contract in favor of the Plaintiffs and against Defendant, Billy D. Stearman and fix the dollar amount of their actual damages in the sum of $*One Million* and punitive damages in the amount of $*Twenty Million*.

[Verdict form signed by ten jurors.]

2.  The journal entry of judgment had attached as an exhibit the verdict form submitted by the jury. The ordering part of the journal entry states:

Accordingly, the Court having found the verdict to be in proper form, duly accepts the jury verdict and renders judgment thereon.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the plaintiffs, Nita Charlene Pelter Cox and Verna Leann Pelter Graybill, Personal Representatives of the Estate of Leora Pearl Pelter, deceased, are granted judgment against the defendant Kansas City Life Insurance Company in the principal sum of $550,000.00, plus prejudgment interest on $500,000.00, in the amount of $85,721.27, for a total of $635,-271.27, plus punitive damages in the amount of $10,000,000.00, for a total of $10,635,-271.27, all of which shall accrue post-judgment interest from April 8, 1994, at the annual statutory rate which begins at 6.99% per annum for 1994 (currently being $2,036.81 per diem) until paid.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that the plaintiffs, Nita Charlene Pelter Cox and Verna Leann Pelter Graybill, Personal Representatives of the Estate of Leora Pearl Pelter, deceased, are granted judgment against the defendant Billy D. Stearman in the principal sum of $1,000,000.00, plus punitive damages in the amount of $20,000,000.00, all of which shall accrue post judgment interest from April 8, 1994, at the annual statutory rate which begins at 6.99% per annum for 1994 (currently being $2,036.81 per diem) until paid.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that attorney fees and costs are reserved and to be presented upon application.

For all of which let execution issue.

Signed this 12th day of May, 1994.

s/ Alan R. Gottsch

THE HONORABLE ALAN R. GOTTSCH

Judge of the District Court

APPROVED AS TO FORM:

s/ W.C. Sellers, Jr.

W.C. "Bill" Sellers, Inc.,

Co–Counsel for Plaintiffs

s/ E.W. Shaw

Mitchell & DeClerck,

Attorneys for Defendant, Kansas City Life Insurance Company

The judgment as modified by the Court of Civil Appeals against Kansas City Life is now final, mandate having issued on June 28, 1996.

¶ 5 Upon remand of the case from the Court of Civil Appeals the Pelters sought to have liability imposed on Kansas City Life for the Stearman judgment. The trial court refused to rule on the issue and directed the parties to seek a writ of mandamus from this Court that would direct the trial court how to rule on the issue. Both parties sought such a writ, and we issued a writ of mandamus, but declined to tell the trial court how to rule on the issue in advance of the trial court considering it.[3]

¶ 6 The trial court conducted the hearing we ordered it to hold and on November 15, 1996 entered an "Order Pursuant to Mandamus." In its order the trial court reduced the amount of the punitive damages awarded in the Stearman judgment to $1,000,000.00, and held that Kansas City Life was liable to pay it and the $1,000,000.00 in actual damages originally awarded against Stearman. The trial court also entered judgment for the Pelters and against Kansas City Life for the Kansas City Life judgment in the amounts called for by the Court of Civil Appeals: $550,000.00, actual and $500,000.00 punitive, plus interest and attorneys' fees.

### ISSUES

¶ 7 There are three issues to be resolved in this appeal:

I. Should Kansas City Life's appeal be dismissed as frivolous?

II. Did the trial court err in reducing the punitive damages portion of the Stearman judgment from $20,000,-000.00 to $1,000,000.00?

III. Did the trial court err in imposing liability for the Stearman judgment on Kansas City Life?

3. Our order, after assuming original jurisdiction and issuing a writ of mandamus, directed that the trial court after notice and hearing determine "... if Kansas City Life may be held liable for the Stearman verdict in whole or in part...."

We answer "no" to the question presented in Issue I, and "yes" to the questions presented in Issues II and III.

### DISCUSSION

### I.

¶ 8 The Pelters move to dismiss Kansas City Life's appeal as frivolous. The 14th Amendment to the United States Constitution is the only authority cited in support of their motion. The Pelters claim that because Kansas City Life's responsibility for Stearman's wrongful acts has been established under the doctrine of *respondeat superior*, Kansas City Life's appeal on the ground that it is not responsible for the Stearman judgment is frivolous, and to allow it to go forward violates their due process rights under the 14th Amendment. For the reasons set forth in Part III of this opinion we hold that Kansas City Life's appeal is not frivolous and deny the Pelters' motion to dismiss it.

### II.

■ ¶ 9 The Pelters contend that the trial court lacked jurisdiction to modify the Stearman judgment. We agree, but for different reasons than those the Pelters advance. The Stearman judgment, say the Pelters, "had been affirmed on appeal." For the reasons set forth in Part III of this opinion, we hold that the Stearman judgment was not considered by the Court of Civil Appeals in Kansas City Life's appeal of the judgment against it because Stearman did not appeal from the judgment. The Stearman judgment was entered on May 12, 1994 and was final after June 11, 1994 because no appeal from its terms was taken.

¶ 10 Because the Stearman judgment was final the trial court was without power to modify it except as provided for in 12 O.S.Supp 1994 § 1031.1 or 12 O.S.1991 § 1031. Neither party contends that grounds exist for modifying the Stearman judgment under either § 1031.1 or § 1031,

We expressly stated that our "... writ requires respondent judge to act but does not tell him how to act or what judgments or amounts to enter, if any."

and Kansas City Life agrees in its briefs that the Stearman judgment was final long before the trial court purported to modify it. The law is clear on this point:

> ... after the period of time permitting the court to modify the judgment on its own motion expires, *the court is without discretion or jurisdiction to vacate or modify a judgment* which is not void on its face. Unless there is substantial compliance with the provisions of the statutes prescribing grounds upon which the district court has power to vacate or modify its own judgment or orders, *the statutory power of the court ceases at the expiration of the time designated by statute.*

> . . . .

> When a matter has once passed to final judgment without fraud, or collusion, in a court of competent jurisdiction, it has become res judicata. The same cause of action between the parties or their privies cannot be reopened and subsequently reconsidered.

[Emphasis added.] *American Bank of Oklahoma v. Adams*, 1973 OK 88, 514 P.2d 1191, 1193. Thus, the trial court lacked authority to modify the Stearman judgment, and erred when it purported to do so.

### III.

¶ 11 Kansas City Life contends that the Stearman judgment is separate and distinct from the judgment entered against Kansas City Life, and that Kansas City Life is, therefore, not responsible for the Stearman judgment. We agree.

*The Language of the Stearman Judgment Unambiguously Shows That Only Stearman Is Liable under its Terms.*

¶ 12 The language of the two judgments contained in the trial court's May 12, 1994 journal entry is unambiguous: One judgment was entered against Kansas City Life, the other against Stearman. Both judgments followed the form of verdict submitted to and returned by the jury. The verdict form was submitted to the jury and the verdict was received in open court without objection, and the form of the journal entry of judgment

was approved by both parties. There is no indication in the journal entry of judgment that Kansas City Life was to be responsible for the separate and distinct Stearman judgment. "Only if a judgment is ambiguous on the face of the record may the court 'construe' it." *Dickason v. Dickason*, 1989 OK 24 ¶ 11, 607 P.2d 674, 677.

*The Stearman Judgment Was Not Before the Court of Civil Appeals and its Opinion Did Not Address Whether Kansas City Life Would Be Liable on the Stearman Judgment.*

¶ 13 The Pelters claim in their brief that the Court of Civil Appeals in its opinion "specifically found that KCLIC [Kansas City Life] had waived its right to appeal its vicarious (*respondeat superior*) liability by failing to raise the issue on appeal." In support of this contention the Pelters refer to the Court of Civil Appeals's holding that the trial court had not erred in denying Kansas City Life's liability to the Pelters for the tort of outrage because the trial court had directed a verdict against Stearman for the tort of outrage. In a footnote, the Court of Civil Appeals said, "A consideration of the verdict form coupled with the instructions given the jury leads us to conclude [that] it is far from clear that the jury predicated Insurer's liability in this action on its own tortious acts."

¶ 14 While the Court of Civil Appeals found that Kansas City Life was liable for Stearman's acts on the theory of *respondeat superior*, its holding says nothing about whether Kansas City Life should be liable on the Stearman verdict. The Court of Civil Appeals's discussion on this score was made solely in aid of its decision that Kansas City Life was liable to the Pelters on Kansas City Life's own judgment based on Kansas City Life's *respondeat superior* responsibility for Stearman's actions.

¶ 15 The Court of Civil Appeals did not address the issue before us now: whether Kansas City Life is, or is not, liable to the Pelters on the Stearman judgment. Indeed, the parties did not, and could not, ask it to do so because the Stearman judgment was final. The Court of Civil Appeals described the

verdict and judgment for $500,000.00 actual and $10,000,000.00 punitive damages as having been "against insurer." The Court of Civil Appeals then described the verdict and judgment for $1,000,000.00 actual and $20,000,000.00 punitive damages as having been "against Stearman." Thus, there is nothing in the Court of Civil Appeals opinion to support a finding that it addressed whether Kansas City Life could be held liable for the Stearman judgment.

*Oklahoma Law Allows a Plaintiff to Obtain Separate Judgments Against a Principal and Agent, Although the Principal's Liability Is Based Solely on the Agent's Acts. Liability, Therefore, May Not Be Imposed Against The Principal, on a Judgment Against the Agent Alone.*

■ ¶ 16 The Pelters cite no authority, and we have been unable to find any, that authorized the imposition of liability against a party under the terms of a judgment that did not make that party expressly liable. The Pelter's claim that the jury's verdict was a single general verdict, and that Kansas City Life is liable under its terms, citing *Bane v. Anderson, Bryant & Co.*, 1989 OK 140, 786 P.2d 1230, 1235. *Bane* does not apply to the facts of this appeal.

¶ 17 In *Bane* we interpreted a verdict that imposed joint and several liability for a single damage award against multiple defendants. We noted that such a verdict was general in nature and imposed joint and several liability against all defendants for the amount awarded by the jury. Here, in contrast to *Bane*, the jury returned a verdict for separate amounts against Kansas City Life and Stearman. The verdict imposed individual, not joint, liability. There were two verdicts, one against Kansas City Life, and the other against Stearman. It is this critical distinction that defeats the Pelter's claim that Kansas City Life should be held liable on the Stearman judgment.

¶ 18 In *Culie v. Arnett*, 1988 OK 134 ¶ 10, 765 P.2d 1203, 1206, Culie sued an employee, Arnett, who was driving his employer vehicle, and the employer for damages resulting from an automobile accident. During the litigation, Arnett's employer sought bankruptcy protection, and plaintiffs took judgment against Arnett only. Culie then garnished the employer's liability insurance carrier, claiming that the *res judicata* relationship between Arnett and the employer made the insurance carrier liable to Culie on its policy. We rejected the contention saying:

> ... Culie sought to impose on the insurer the employer's alleged liability based on *respondeat superior* without having first obtained a judgment against the employer. Neither the recitation of the judgment that Arnett was in the employer's service when harm occurred nor Culie's mere showing in the garnishment proceeding that Arnett was employed by the insured and was driving his employer's vehicle when the collision occurred establishes the employer's *respondeat superior* liability....

[Citations omitted.]

¶ 19 In *Employers Cas. Co. v. Barnett*, 205 Okla. 73, 235 P.2d 685 (1951) judgment was entered in the trial court against an employer on the theory of *respondeat superior*, but not against the employer's servant, whose primary negligence caused the plaintiff's injuries. There we held that the judgment against the master was valid and enforceable, despite the fact that no judgment had been entered against the servant, because the plaintiff's right to proceed against the master alone was distinct from his right to proceed against the servant. In so holding we quoted with approval from the annotators comments following the A.L.R. report of *Sherwood v. Huber & Huber Mtr. Exp. Co.*, 286 Ky. 775, 151 S.W.2d 1007, 135 A.L.R. 263, 271 (1941):

> ... The rule appears to be quite well established that a plaintiff may bring separate actions against a master and his servant, or a principal and his agent, to recover for the negligence of the servant or agent, where the master's or principal's only responsibility is derivative....

¶ 20 Interpreted together, *Culie* and *Barnett* show that the Pelters were entitled under Oklahoma law to obtain separate judgments against Kansas City Life and Stearman, and did so. *Culie* and *Barnett* also show that this is so despite the fact that

Kansas City Life's liability was based on *respondeat superior.* Thus, Kansas City Life cannot be held liable on the Stearman judgment, because that judgment was final and clearly imposed liability on Stearman alone.

## CONCLUSION

¶ 21 The Stearman judgment was final long before the trial court entered its November 15, 1996 order. The Stearman judgment unambiguously assessed liability against Stearman, and not against Kansas City Life. Thus, the trial court lacked jurisdiction to either alter the amount owed on, or to hold Kansas City Life liable for, the Stearman judgment. The result is not changed by the fact that Kansas City Life's liability was based on *respondeat superior.* The trial court is instructed to enter an order consistent with this opinion.

MOTION TO DISMISS DENIED; TRIAL COURT JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.

¶ 22 SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA and WATT, JJ., concur.

¶ 23 ALMA WILSON, J., concurs in part, dissents in part.

¶ 24 KAUGER, C.J., recuses.

