2013 OK CIV APP 81

**FAUST CORPORATION,
Plaintiff/Appellee,**

v.

**Christopher A. PRIDDY,
Defendant/Appellant.**

No. 111404.

Court of Civil Appeals of Oklahoma,
Division No. 4.

May 21, 2013.

Stephen L. Bruce, Richard S. Winblad, Brandi L. Ladd, Edmond, OK, for Plaintiff/Appellee.

Christopher A. Priddy, Tulsa, OK, pro se.

KEITH RAPP, Judge.

¶ 1 The trial court defendant, Christopher A. Priddy (Priddy), appeals an Order which denied his Amended Motion to Vacate summary judgment entered for the plaintiff, Faust Corporation (Faust).

## BACKGROUND

¶ 2 The scope of review in this appeal has been prescribed by the Oklahoma Supreme Court.

> The scope of review in this appeal is limited to the correctness of the trial court's response to appellant's motion to vacate, which was filed on November 5, 2012, more than 10 days after the filing of the judgment on October 4, 2012.

Oklahoma Supreme Court Order, dated April 1, 2013.[1]

---

1. The trial court entered a minute order on December 14, 2012, which denied Priddy's Motion to Vacate, as amended. Priddy attached this minute order to his petition-in-error, and the Supreme Court deemed it to be insufficient. Pursuant to the order of the Supreme Court, Priddy obtained a final order and amended his petition-in-error accordingly. The final order denied Priddy's original and amended motions to vacate. Record, Tab 23.

Faust then moved to dismiss the appeal, and the Supreme Court entered the referenced order. The Supreme Court order does not include in the scope of review the ruling on the Amended Motion to Vacate. Therefore, the scope of review does not include the ruling on the Amended Motion to Vacate.

This Court notes that Priddy filed his original Motion to Vacate on November 5, 2012. Faust responded with its arguments, including that Priddy alleged none of the statutory grounds for

¶3 Faust sued Priddy to collect a balance claimed due on two credit card accounts. Faust alleged that it was the assignee of the original credit card issuer, Chase Bank. Priddy denied any obligation to Faust and has challenged whether Faust established that it is the assignee.[2]

¶4 After preliminary skirmishes over discovery, the case was set for trial. Prior to trial, Faust moved for summary judgment. Faust submitted evidentiary materials showing that: (1) it is the assignee of the two Priddy accounts in issue; (2) the accounts' histories and amounts due and unpaid; and (3) Priddy's admission that he had received the credit card statements and had not disputed the accounts. Faust also advanced the alternative theory of account stated as a basis for judgment.

¶5 Priddy did not respond to Faust's motion for summary judgment. He had filed his own summary judgment motion.[3] The trial court entered summary judgment, citing *Spirgis v. Circle K Stores, Inc.,* 1987 OK CIV APP 45, 743 P.2d 682 (published by Order of Supreme Court) (motion for summary judgment must have merit on its own before being granted).

¶6 On November 5, 2012, Priddy filed his original Motion to Vacate the summary judgment. Priddy's primary contention was that granting summary judgment was error because of questions of fact regarding whether Faust had standing to bring the action. Priddy argued: (1) Faust did not demonstrate that it was assignee from Chase Bank; (2) Faust did not produce a credit card agreement with any entity relating to the accounts claimed to be delinquent; and (3) the trial court should have considered his motion for summary judgment as a part of the review of Faust's motion for summary judgment.

¶7 The trial court denied the motion to vacate. Priddy appealed and, as notice above, the Supreme Court specified the scope of review in this appeal.

## STANDARD OF REVIEW

¶8 This Court will not disturb the trial court's order granting or denying a motion or petition to vacate absent a clear showing of an abuse of discretion. *Patel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶20, 987 P.2d 1185, 1194. "An abused judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Id.*

¶9 When a party appeals an Order denying a motion to vacate a judgment, this Court does not look to the original judgment, but rather to the correctness of the trial court's response to the motion to vacate. *Yery v. Yery,* 1981 OK 46, ¶14, 629 P.2d 357, 363.

## ANALYSIS AND REVIEW

¶10 Once a judgment becomes final the trial court loses power to modify it, except as provided for in 12 O.S.2001, § 1031.1

---

vacation of a judgment set out in 12 O.S.2011, § 1031. Thereafter, on December 10, 2012, without leave of court, Priddy filed an Amended Motion to Vacate in which he asserted fraud as the ground for dismissal. 12 O.S.2011, § 1031(4) (fraud); *see* 12 O.S.2011, § 2015(A) (leave of court required to amend pleading after responsive pleading filed). Record, Tab 21. As a post-thirty day filing, the Amended Motion to Vacate failed to comply with the requirements of 12 O.S.2011, § 1033, and, that would be ground to deny the motion to vacate based on allegations of fraud were it not for the Supreme Court's Order limiting this review. *State ex rel. Hunt v. Liberty Investors Life Ins.,* 1975 OK 165, ¶37, 543 P.2d 1390, 1398. Section 1033 provides:

If more than thirty (30) days after a judgment, decree, or appealable order has been filed, proceedings to vacate or modify the judgment, decree, or appealable order, on the grounds mentioned in paragraphs 2, 4, 5, 6, 7, 8 and 9 of section 1031 of this title, shall be by petition, verified by affidavit, setting forth the judgment, decree, or appealable order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On this petition, a summons shall issue and be served as in the commencement of a civil action.

2. *See,* for example, Priddy's Response to Faust Interrogatory No. 23. Record, Tab 12, Ex. 3.

3. Record, Tab 5.

or 12 O.S.2001, § 1031.[4] *Cox v. Kansas City Life Ins. Co.*, 1997 OK 122, ¶ 10, 957 P.2d 1181, 1184–84.

> [A]fter the period of time permitting the court to modify the judgment on its own motion expires, *the court is without discretion or jurisdiction to vacate or modify a judgment* which is not void on its face. Unless there is substantial compliance with the provisions of the statutes prescribing grounds upon which the district court has power to vacate or modify its own judgment or orders, *the statutory power of the court ceases at the expiration of the time designated by statute.*

*Id.*, (quoting *American Bank of Oklahoma v. Adams*, 1973 OK 88, ¶ 10, 514 P.2d 1191, 1193).

■ ¶ 11 A proceeding brought to vacate a judgment pursuant to statute is a legislatively-created remedial mechanism in which a litigant seeks not a judgment, but rather relief from a judgment. *See Patel*, 1999 OK 33 at ¶ 13, 987 P.2d at 1195.

¶ 12 Here, Priddy has proceeded by motion. However, his motion does not list with specificity any of the Section 1031 grounds to vacate a judgment. This failure justifies a trial court's denial of the motion to vacate.

¶ 13 Moreover, it is clear, from the text of Priddy's motion to vacate, he has not pursued any ground mentioned in Section 1031(2)-(9), or the newly discovered evidence provision of 12 O.S.2011, § 655, incorporated into Section 1031(1). This leaves granting a new trial for cause listed in 12 O.S.2011, § 651. Section 651(6) (decision is not sustained by sufficient evidence, or is contrary to law) supplies the only possibly applicable cause for consideration of Priddy's motion to vacate. However, the trial court's "response" of denial of the motion to vacate was not error when the trial court's decision is examined under Section 651(6).

¶ 14 Because Faust was not the original creditor, it had to present evidentiary materials showing that it owned the debt. Faust did so by presenting a series of assignments with it as the final assignee. Priddy then had the burden of showing that evidence is

available which justifies a trial of that issue. *Akin v. Missouri Pac. R.R. Co.*, 1998 OK 102, ¶ 8, 977 P.2d 1040, 1044; *Stephens v. Yamaha Motor Co., Ltd. Japan*, 1981 OK 42, ¶ 11, 627 P.2d 439, 441; *Runyon v. Reid*, 1973 OK 25, ¶¶ 12–13, 510 P.2d 943, 946. He did not do so, arguing instead in his motion to vacate that the assignment documents did not qualify as assignments or as assignments of any account where he was the obligor. Therefore, Faust's summary judgment materials establish that there is no substantial issue of material fact regarding whether it is the assignee of the accounts in question.

■ ¶ 15 Priddy further contends that Faust cannot prevail without a credit card agreement. He correctly states that Faust has not produced such an agreement.

■ ¶ 16 However, in addition to showing the assignments, Faust had produced evidentiary materials to show that Priddy had accounts and engaged in purchase and fund advances transactions and made payments. He also acknowledged receipt of at least some of these statements and that he had not protested them in any manner. An account stated is a new and independent agreement, express or implied, superseding and merging the antecedent causes of action represented by the particular constituent items. *Discover Bank v. Worsham*, 2008 OK CIV APP 6, ¶ 13, 176 P.3d 366, 369.

¶ 17 A situation similar to the case here occurred in *Discover*. The Court of Civil Appeals ruled that it "is clear from the undisputed facts of this case that even assuming (Worsham) was not a party to the card member agreement as she alleges, she remains bound to repay the debts she incurred." *Discover*, 2008 OK CIV APP 6 at ¶ 17, 176 P.3d at 369. Worsham had denied being a party to any credit card agreement between Discover and her late husband, or even being aware of one. However, she had used the credit card, received and made payments on the statements, and did not either protest the statements or cancel the account. The Court found that the facts supported recovery on an account stated theory.

---

4. Section 1031.1 does not apply in this case.

¶ 18 Thus, Priddy has not controverted Faust's theory of recovery based on account stated. Faust's evidentiary materials show that Priddy engaged in purchases and advance transactions and did not protest or cancel the accounts. Priddy admits receipt of account statements and absence of protest. Priddy did not submit evidentiary materials to establish a question of fact regarding this theory of recovery.

¶ 19 Priddy did not demonstrate that the trial court's judgment was subject to vacation under Section 651(6) as incorporated into Section 1031(1).

## CONCLUSION

¶ 20 The question for this Court in this appeal is the correctness of the trial court's response to Appellant's motion to vacate and whether the Record establishes a clear showing of an abuse of discretion by the trial court in its order denying Priddy's motion to vacate the judgment. This Court concludes that the trial court did not err by denying Priddy's motion to vacate the judgment. The judgment of the trial court denying the motion to vacate is affirmed.

¶ 21 **AFFIRMED.**

THORNBRUGH, P.J., and GOODMAN, J., concur.